JIM WILLIAMS v. THE STATE.

No. 3174.   Decided February 22, 1905.

**1.—Forgery—Indictment—Explanatory Averments.**

Where the name alleged in the instrument and the one which it is charged it represents are not sufficiently connected, nor the property rights alleged to be involved set out by such explanatory innuendo as to make the instrument set out in the indictment the subject of forgery, it not appearing from the face of the instrument so set out, the innuendo and explanatory averments alleged in the indictment are not sufficient.

**2.—Same—Insufficient Innuendo.**

See opinion for instrument which in itself is insufficient to show that it was such an one as could be the subject of forgery, and where the innuendo and the explantory averments appearing in the indictment were insufficient to bring it within the scope of forgery.

**3.—Same—Variance.**

See opinion for a variance between the instrument set out in the indictment and that offered in evidence.

Appeal from the District Court of Houston. Tried below before Hon. John J. Wood.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Ragland,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction of forgery, punishment fixed at two years in the penitentiary. The instrument alleged to be forged is in the following language: "Mr. Vaunghs that is all right i

have nothing to do with Jim port of his crope C. J. Cavno." It is alleged that this purports to be the act of T. J. Cavender. The following allegations are also found in the indictment: "The said Jim Williams was then and there a tenant of and working the farm and land of T. J. Cavender, and the said false instrument, meaning by 'Mr. Vaunghs' to be directed and addressed to Mr. Vaughn, and meaning by 'that is all right I have nothing to do with Jim part of his crop' that the said T. G. Cavender released his landlord's lien to the crop then and there planted and cultivated by the said Jim Williams upon the said land aforesaid and meaning by 'C. J. Cavno' to be T. G. Cavender, the said owner of the land as aforesaid." Motion was made to quash this indictment on several grounds, which, in our opinion, are well taken. It is alleged this purports to be the act of T. G. Cavender. It is alleged that appellant was working the land of T. J. Cavender; and it was then and there intended that T. G. Cavender released his landlord's lien to the crop planted upon the land by appellant, and meaning by C. J. Cavno, to be T. G. Cavender. The innuendo and explanatory averments in this indictment it will be observed from the above are not sufficient. The names C. J. Cavno and T. G. Cavender are not sufficiently connected. Nor is any property rights alleged to be involved in such manner as to make this instrument the subject of forgery. The instrument itself purports to state to Mr. Vaughn that Cavno or Cavender, as the case may be, has nothing to do with appellant's part of the crop. This does not necessarily affect the landlord's lien. The landlord's lien on the crop does not necessarily carry with it the furnishing of supplies or the relinquishment to Vaughn of any right the landlord may have had for advances. Nor is there anything in this indictment indicating such to be the case. The instrument does not purport to affect Cavender's interest in the rent; nor does it allege that there was any lien on this crop for advances, supplies or things of that sort. In other words, as we understand this indictment, it comes within the cases of Cagle v. State, 39 Texas Crim. Rep., 109; and Crawford v. State, 40 Texas Crim. Rep., 344. Without going into an elucidation of these cases, we are of opinion that, under the authorities cited, this indictment is not sufficient.

A question of variance is also raised in regard to the instrument declared upon, and that introduced in evidence. It is not necessary here to repeat the instrument set out in the indictment above. That offered in evidence is in the following language: "Mr Vaungh tha is allright I have nothing to do with Jim par of his crope C. J. Cavno." A comparison between the instrument declared upon and that introduced in evidence will show the word "that" following the name Vaungh has the letter "t" omitted from it; and the word "part" following the name "Jim" also omits the letter "t." There are no innuendo or explanatory averments in the indictment, explaining these discrepancies. We are of opinion that there is a variance, and that the objection to the introduction of the original instrument is well taken.

Because the indictment does not sufficiently charge the offense, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*