## MANUEL RUBIO v. THE STATE.

### No. 3133. Decided June 6, 1906.

**1.—Forgery—Indictment—Innuendo—Averment.**

Upon a trial for forgery, where the indictment set out the instrument upon which the forgery was based according to its tenor, and alleged by way of innuendo the meaning of certain names used in said instrument, and the said instrument being one which was the subject of forgery, the indictment was sufficient.

**2.—Same—Sufficiency of Evidence.**

See opinion for evidence that the alleged names in the indictment represented real persons and that the allegations in the indictment were sustained.

**3.—Same—Conduct of Counsel—Surprise—Postponement.**

Where upon trial for forgery, defendjant's counsel complained of the conduct of State's counsel as deceiving him as to the whereabouts of a witness, and there was no motion of postponement on account of surprise, the matter could not be reviewed.

Appeal from the District Court of Kerr. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of forgery; penalty, two years confinement in the penitentiary.

The opinion states the case.

*John R. Stroms,* for appellant.—On question of indictment: Williams v. State, 85 S. W. Rep., 800.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary, hence this appeal.

Inasmuch as the sufficiency of the indictment is questioned, we will quote the charging part thereof, as follows: that appellant * * * "did then and there unlawfully, without lawful authority and with in-

tent to injure and defraud, did wilfully and fraudulently make a certain false instrument in writing, purporting to be the act of Pedro Moncibayes, which said false instrument is to the tenor as follows: 'Mr. J. Hixson' (meaning Mr. B. M. Hixson( 'Pleas (meaning please) 'pay to Manuel Rubio $10.00 Dollales' (meaning Ten Dollars), 'and oblige Yours

Pedro Monoconies' (meaning Pedro Moncibayes.) 'Aug. the 25th, 1905.' against the peace and dignity of the State."

The contention of appellant is that the indictment did not allege an offense. We understand the insistence is that innuendo averments simply to the effect that J. Hixson means B. M. Hixson, and Pedro Monconies means Pedro Moncibayes, do not bear such meaning on their face, and innuendo averments do not apply to the use of these names. Mr. Bishop says, "An innuendo averment is an explanatory averment of the meaning. It charges no fact and does not admit of being sustained by evidence." 2 Bishop Criminal Procedure, section 793. 2 Wharton on Crimes, section 660, defines: "An innuendo is an interpretative parenthesis thrown into quoted matter to explain an obscure term. It can explain only where something already appears upon the record to ground the explanation; it cannot, of itself, change, add to, or enlarge the sense of expressions beyond their usual acceptation and meaning. It can interpret but cannot add." He then proceeds to give certain illustrations. The insistence is that the pleader should have used instead of innuendo averments explanatory or extrinsic averments, showing the situation of the parties relative to each other. It occurs to us that there can be no question that the instrument set out, without any innuendo averments, imports an obligation, and as such is the subject of forgery without any explanatory averments. Said instrument did not require explanatory averments, as in Cagle v. State, 39 Texas Crim. Rep., 109, and other cases referred to, in order to constitute it a pecuniary obligation. Williams v. State, 85 S. W. Rep., 800, is referred to as authority for appellant's contention. However, in that case the observation is made with reference to a variance; and the indictment was predicated upon an instrument which on its face did not import an obligation, and explanatory averments were used in order to give said instrument proper effect. After the indictment was quashed on other grounds, it was there observed: "The question of variance is also raised in regard to the instrument declared upon and that introduced in evidence. It is not necessary here to repeat the instrument set out in the indictment above. That offered in evidence is in the following language: 'Mr. Vaughan: Tha is allright. I have nothing to do with Jim par of his crope. C. J. Cavano.'" The indictment alleges it to be the act of T. J. Cavender; and it is said that the names of C. J. Cavano and T. J. Cavender are not sufficiently connected. The questions decided in that case have no particular bearing on the question here presented. It

has been held under our statute that the name of a fictitious person can be forged. Chapman v. State, 34 S. W. Rep., 621; Johnson v. State, 35 Texas Crim. Rep., 271. It seems that it is not necessary to allege that the party signing the forged instrument was a fictitious person. So in this case, if the indictment had simply set out the instrument, according to its tenor, without embracing any so-called innuendo averments, it would have been sufficient to have predicated a forgery upon such instrument. But in this case the pleader has seen fit to allege that by the use of the name, on whom the instrument was drawn, to wit: Mr. J. Hixson, B. M. Hixson was meant; and by the use of the name Pedro Monconies, Pedro Moncibayes was meant,— these being real persons and the parties whose names were intended to be forged. However, according to the contention of appellant there should have been some pleading setting up the relation of the parties to each other, as that B. M. Hixson was an employee of Pedro Moncibayes; and that in drawing the alleged forged order appellant intended to forge the name of B. M. Hixson, and by mistake and inadvertence used the name of J. Hixson, and intended to use the name Pedro Moncibayes and by inadvertence and mistake used the name of Pedro Monconies. This would in effect simply have been a more elaborate presentation of the State's case. But we believe that this course of pleading was not necessary in order to apprise appellant of what it was expected to be proved against him. As heretofore stated, it was not necessary to make any of these averments in order to constitute the writing an instrument purporting an obligation on its face; and in our opinion whether we call the phrase "meaning Mr. B. M. Hixson," and "meaning Pedro Moncibayes" innuendo or explanatory averments, they amount to the same thing as explanatory averments; and treating them as such, appellant was apprised of the full nature of the accusation against him and of the names of the parties he intended to use in the alleged forged instrument. We think this was sufficient. Indeed, the instrument being the subject of forgery we cannot well see how he could do more than allege the names meant to be used by him in the alleged forgery. We accordingly hold that the indictment is sufficient.

We believe that the circumstances in evidence sufficiently prove the allegations in the indictment. The evidence was to the effect that Pedro Moncibayes was a real person, and stayed with appellant during his visits to Kerrville, and during the time was working for B. M. Hixson. Indeed, appellant's defense was that he was authorized to draw the check in question by Pedro Moncibayas on B. M. Hixson, on account of a debt which Moncibayes owed him (Manuel Rubio) on account of board and work his wife had done for him during his stay with them. Of course, this was disproved by the State; Pedro Moncibayes testifying that he did not authorize the execution of the instrument.

Appellant urges that the case should be reversed because of the

conduct of the private prosecutor, B. M. Hixson, who is shown, according to the evidence, to have deceived defendant with reference to the whereabouts of Pedro Moncibayes, leading him to believe that said Pedro Moncibayes had fled the country, when said witness at the time was under the supervision of said Hixson, who had him present at court in order to testify. This may have been a good cause for continuance or postponement of the case at the time, if this matter had been urged as a surprise, but this was not done. Consequently the case cannot be reversed on this account.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Brooks, judge, absent.