## DECEMBER, 1914

### EX PARTE PERCY McDOWELL.

No. 3363.   Decided December 23, 1914.

**1.—Delinquent Child—Judgment—Statutes Construed.**

Where, upon trial of relator on complaint and information charging him with being a delinquent child, he was convicted thereof and the judgment ordered him to be sent to the State Industrial School for Boys for a period of not less than two years, and he was carried to said place of confinement, and a few months thereafter the same court set aside said order upon a proper showing and relator was ordered discharged from said place of confinement, and the latter order of the court was disobeyed by the officers of said school. Held, that relator is entitled to his discharge, but that the jurisdiction of said court over the relator is not ousted thereby.

**2.—Same—Discretion of Court—Procedure—Custody.**

The Legislature has left it to the discretion of the trial court as to what disposition he will make of said delinquent child, and the court, under the law, may continue the hearing from time to time and may commit the child to the care of a probation officer or some institution of the county and State suitable for the care of said child, and may change his orders as to the custody of the child from time to time or to entirely discharge it from custody whenever, in the judgment of the court, it is to the best interest of said delinquent child.

**3.—Same—Procedure—Statutes Construed.**

The statute further provides that for the purposes therein mentioned, the court shall always be in session, and defines the term, "delinquent child," and that he shall be proceeded against by a complaint and information filed by the county attorney either in the District or County Court.

**4.—Same—Jurisdiction—Right of Control.**

The statute gives the court trying the case of a delinquent child the right to control, manage and direct the movements of the child as well as those to whom he has committed the custody of the child.

**5.—Same—Civil Suit—Criminal Proceeding—Habeas Corpus.**

Under the statute providing for the prosecution of a delinquent child and committing him to custody, the same is made a criminal proceeding and is not a civil suit, and in any event where the child is illegally restrained of his liberty it may avail itself of the writ of habeas corpus.

**6.—Same—Case Stated—Judgment—Jurisdiction.**

Where relator was prosecuted under Title 17, Code Criminal Procedure, articles 1195 to 1207 inclusive, as a delinquent child, and sent to the State Industrial School for Boys, and said order was afterwards set aside upon satisfactory showing to the court and relator was ordered discharged from said school, the officers of said school had no authority to disobey the last order of said court and relator must be discharged, subject to the further orders of said court.

Vol. 76 Crim.-1

From Tarrant County.

Original habeas corpus proceeding asking release from the officers of the State Industrial School for Boys.

The opinion states the case.

*Mays & Mays,* for relator.

*Sadler & Cobb,* for respondent.—On question of jurisdiction of this court to issue writ of habeas corpus: Ex parte Singleton, 161 S. W. Rep., 123; Legate v. Legate, 87 Texas, 251; Marlow v. Com., 133 S. W. Rep., 1137; State ex rel. Olson v. Brown, Supt., 16 L. R. A., 691.

On question that proceeding is a civil action: Finney v. Walker, 144 S. W. Rep., 679, and cases supra.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Applicant is a boy thirteen years of age. Substantially, the case is, he left the residence of his parents in Fort Worth in company with two other boys, and was taken up in Bastrop County as a "delinquent" under the Act of the Thirty-third Legislature, page 218, section 9, article 1203. The record also shows that the county attorney of Bastrop County filed a complaint and information charging the boy with being a delinquent child. A jury being waived, the court adjudged the boy a delinquent, and ordered him to be sent to the State Industrial School for Boys at Gatesville for a period of not less than two years. In accordance with this judgment the boy was carried to the State Industrial School for Boys and there incarcerated. The judgment was rendered on the 29th of August, 1914. On the following November 7th this order was set aside upon a showing made by the parents satisfactory to the judge who rendered the original judgment, and he was ordered discharged from the State Industrial School for Boys and returned to his parents. This order of the court was disobeyed by the officers of said school. While it might not be of any practical service in deciding the law question, still upon the showing to set aside the former judgment it was brought to the attention of the court in the application, which we suppose was supported by the facts, inasmuch as the judge granted the request, that the boy had always been an obedient boy at home, and his leaving home with the other two boys was his first dereliction. The complaint contained the allegation that he was an "incorrigible" in that he "associated with thieves." The evidence with reference to his two companions from whom he was taken at the time he was sent to the State Industrial School for Boys is not in the record, but taking the judgments of the court for what they convey on their face, and the allegations of the pleadings upon which the judgments were based, we are of the opinion that the court was correct in his last finding when he had the real facts with reference to the boy before him. Judgments of courts are presumed correct.

It is contended that the first judgment was void and the second legal,

and if the first judgment was not void, then the second was legal. With-
out going into a discussion of the constitutional questions, or how far
the Legislature may go in defining what it takes to constitute a delin-
quent child, and the disposition to be made of him by the courts under
that theory, we are of opinion that the Legislature had left it discre-
tionary with the court trying the case as to the disposition of the child.
Of course, legislation should be cautiously passed which undertakes to
take from the parent or parents the custody of their children. It is
striking close at the bottom principle of society to take from the parents
the custody and care of their children, and in the mind of the writer
the facts ought to show first clearly and conclusively that the parents
were not fit persons for raising their children. Society, it has been
said, has a sufficient interest in the welfare of children to guard against
viciousness in their training by taking charge of them in early life and
training them for their proper sphere in society, but this should always
be done cautiously and carefully, and to the best interest of the children.
Under article 1203, supra, it is provided, that in case of "delinquent
child" coming under the provisions of this law, the court may continue
the hearing from time to time, and may commit the child to the care of
the probation officer or to the care or custody of any other proper per-
son, and may allow said child to remain in its own home, subject to
visitation of the probation officer or other person designated by the
court, or under any other conditions that may seem proper to be found
by the court; or the court may cause the child to be placed in the home
of a suitable family, under such conditions as may be best for the child,
or it may authorize the child to be boarded out in some suitable family,
or the court may commit it to any institution in the county that may
care for children that is willing to receive it, or which may be provided
for by the State or county, suitable for the care of such children, willing
to receive it, or of any State institution which may now or hereafter
be established for boys or girls, willing to receive such child, or to any
other institution in the State of Texas for the care of such children
willing to receive it. The statute provides such order of the court
committing such child to the care and custody of any person above set
out and the length of time and conditions of such commitment, shall
be at all times subject to change by further orders of the court with
reference to the child, and the court shall have the power to change the
custody of the child or to entirely discharge it from custody whenever,
in the judgment of the court, it is to the best interest of the child.
The statute sets out various other matters in connection with the custody
and care of the children going into many details, which are unnecessary
here to notice. The statute further provides that for the purposes
herein mentioned the court shall always be in session. Article 1197,
page 215, defines the expression of "delinquent child," giving various and
sundry reasons why the child may be a delinquent; and it further pro-
vides that it shall be proceeded against by complaint and information
filed by the county attorney either in the District or County Court, giv-
ing both courts jurisdiction.    .

It would seem from these provisions that the court trying the case has the right to control, manage and direct the movements of the child as well as those to whom he has committed the custody of the child. If the court had the authority to send the child to the Industrial School for Boys, then unquestionably he had the authority to make the second order—this by express provision of the statute. If he did not have the authority to do so, of course the confinement of the child would be void. From either viewpoint this writ of habeas corpus should be granted and the child discharged from the State Industrial School for Boys and turned over to the parents. That the court had the right to make the order setting aside the former order of the court is so by the same statute that gives that court the authority to make the original order.

There is a contention on the part of the respondent, that this is purely a civil suit, and the writ of habeas corpus would not and should not be granted by this court and it would have no jurisdiction. The cases cited by respondent are not applicable to this case, and have really no bearing upon it. A "delinquent child" under this statute is defined to be any male under seventeen or female under eighteen years of age, who violates any laws of this State, or any city ordinance; or who is incorrigible; or who knowingly associates with thieves, vicious or immoral persons, and who does a great many other things, and is to be proceeded against by complaint and information by the county attorney. He is to be charged in the complaint and information with some one or more of the matters containing the definition of a "delinquent child." It is also provided that when an indictment has been returned by the grand jury charging any male juvenile under the age of seventeen years with felony, the parents, guardian, attorney or next friend of such juvenile, or the juvenile himself, may file a sworn statement in court setting forth the age of such juvenile, at any time before announcement of ready for trial is made in the case. Then it provides that the indictment may be dismissed against him and he tried in the juvenile court as a "delinquent child." The punishment is to be not less than two years in the Industrial School for Boys. It would hardly need argument to sustain the proposition, we take it, that if a child is thus taken from its parents or from the environments otherwise surrounding it and incarcerated for not less than two years, that it would have a touch of criminal phase because the acts for which he is taken are criminal. By this prosecution he is deprived of his liberty. One of the main objects of our criminal laws is to suppress crime, and another is to reform the offender. The very basis of this law is the reformation of the child of his criminal acts and criminal tendencies and train him up in the way he should go. The whole law is based upon crime or criminal tendencies. Under the civil laws in Texas no one can be deprived of his liberty, nor can he be incarcerated in any sort of enforced confinement. Imprisonment or incarceration in the juvenile school is based upon the proposition of criminality. The delinquent child is placed there to reform him and get him away from evil habits and those acts, and to make a better man or woman of him or her. The

writer does not care to go further into this matter. From any viewpoint of this record the writ should be granted and the child ordered restored to the parents. It is not intended by this decision to oust the court at Bastrop of its jurisdiction of the child, but to place it under the second order of that court.

The applicant is ordered discharged under the terms of this opinion.

*Relator discharged.*