Hattie Townser v. The State.

No. 3939.     Decided February 2, 1916.

**1.—Forgery—Indictment—Precedent.**

Where, upon trial of forgery, the indictment followed approved precedent, the same is sufficient.

**2.—Same—Indictment—Order for Goods—Pecuniary Obligation.**

Where the indictment alleged that the forged instrument was an order for goods, it was not necessary to allege that this instrument would have created, diminished, discharged or defeated any pecuniary obligation, etc. Following Davis v. State, 70 Texas Crim. Rep., 253, and other cases.

**3.—Same—Indictment—Order for Goods.**

Where the indictment alleged the forgery of an order for goods and was neither vague nor uncertain, especially when taken in connection with the explanatory averments, and showed clearly that the order to furnish the goods called for was to the person alleged in the indictment, who was a salesman of a mercantile company, it was sufficient, and it was not necessary to allege that said salesman himself had goods for sale or that he was empowered to furnish said goods from the stock of said company, or that he accepted the order. Following Rubio v. State, 50 Texas Crim. Rep., 177, and other cases.

**4.—Same—Indictment—Partnership—Corporation.**

Where the indictment for forgery alleged that an order for goods was to the salesman of a certain mercantile company, it was not necessary to allege that said company was a firm, partnership or corporation; besides it was not their names which were alleged to be forged. Following Lamb-Campbell v. State, 72 Texas Crim. Rep., 628, and other cases.

**5.—Same—Delinquent Child—Juvenile Court—Female—Statutes Construed.**

The law makes no provision where an indictment has been found against a female for felony to dismiss such indictment and try the case in the Juvenile Court against a delinquent child, and even in the case of a male under 17 years of age who is prosecuted for felony, it is not made compulsory that the judge dismiss such felony charge and have the party proceeded against under the Juvenile Act. Following McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611, and other cases.

**6.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of forgery, the evidence was sufficient under a proper charge of the court to sustain the conviction, there was no error in refusing a peremptory charge to acquit, even if the same had been presented in proper time.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Baker,* for appellant.—On question of insufficiency of the evidence and indictment: Carder v. State, 35 Texas Crim. Rep., 105; Bagley v. State, 141 S. W. Rep., 107; Crawford v. State, 50 S. W. Rep., 378; Womble v. State, 44 S. W. Rep., 827; Scott v. State, 48 S. W. Rep., 523.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of forgery and assessed the lowest punishment.

The indictment, after the preliminary necessary allegations alleged: That appellant on or about April 29, 1915, in said county, "did then and there, without lawful authority, and with intent to injure and defraud, wilfully and fraudulently make a certain false instrument in writing, purporting to be the act of another, towit, purporting to be the act of Eliza Matthews, which said false instrument is to the tenor as follows:

" 'Mr. Fout let this girl have 4 yards of Pink Sateen and 2½ yard of Pink Valing her name is Veola Rhodes. Charge it to Eliza Matthews.'

"On the back of said instrument were the following words:

" 'Tim Rhodes Da'

"In the above instrument the words 'Mr. Fout' were intended to mean, and did mean, W. C. Fouts, who is a salesman at the store of Tucker-Hayter and Company, Nacogdoches, Texas. In the above set forth instrument the name 'Eliza Matthews' was intended for, and did mean, Eliza Matthews."

This indictment is in strict accordance with the form therefor laid down by Judge White in his Ann. C. C. P., section 882, and also with Judge Willson's form in his Criminal Forms (4th ed.), No. 410, p. 215, and is clearly sufficient.

Appellant attacks by a motion in arrest of judgment said indictment on several grounds; one, because it did not allege that said instrument would have created, diminished, discharged or defeated any pecuniary obligation or in any way affected any property belonging to the purported maker, Eliza Matthews, if same had been true. In this character of instrument such allegation is unnecessary and has been

held to be so by many decisions of this court. Davis v. State, 70 Texas Crim. Rep., 253, and authorities therein cited; Horton v. State, 32 Texas, 80; Labbaite v. State, 6 Texas Crim. App., 257; Morris v. State, 17 Texas Crim. App., 660; Dooley v. State, 21 Texas Crim. App., 549; arts. 454 and 807, C. C. P.

The instrument clearly, on its face, was neither vague nor uncertain, and especially when taken in connection with the explanatory averments, and showed clearly that the order to furnish the goods called for was to Mr. W. C. Fouts, a salesman at the store of Tucker-Hayter and Company, which was all that was necessary in that regard; nor was it necessary for the indictment to allege that said Fouts himself had goods for sale or that he was empowered to furnish said goods from the stock of Tucker-Hayter and Company. Keeler v. State, 15 Texas Crim. App., 111; Spicer v. State, 52 Texas Crim. Rep., 177; Hendricks v. State, 26 Texas Crim. App., 176; Rubio v. State, 50 Texas Crim. Rep., 177. In order to constitute forgery of an instrument such as in this instance, it is not necessary that the party to whom the order is directed shall accept it or comply with it or be able to do so. To constitute forgery it is not necessary that it be successful to the extent of having procured the goods thereby ordered. Reeseman v. State, 59 Texas Crim. Rep., 434; Rubio v. State, supra.

Neither was it necessary for the indictment to allege whether Tucker-Hayter and Company was a firm, partnership or corporation. It was not their names which were alleged to be forged. Lamb-Campbell v. State, 72 Texas Crim. Rep., 628; Lucas v. State, 39 Texas Crim. Rep., 48; Webb v. State, 39 Texas Crim. Rep., 534; Usher v. State, 47 Texas Crim. Rep., 93; Reeseman v. State, supra. As stated above, the said indictment with the explanatory averments made is clearly sufficient under the statute and the authorities.

Before the trial began, appellant's grandmother made for her, and she filed, an affidavit alleging that she was a female under eighteen years of age, towit, that she was a female fourteen years of age, and she sought to have the court dismiss the case against her and sought to be tried as a juvenile only. The court, on the motion of the State, struck out said affidavit and refused to consider it on two grounds: One that this was not a proceeding in a juvenile court against a delinquent child but a regular proceeding under an indictment for a felony; and the other, because the law makes no provision for such indictment being dismissed in the case of a female; that that law only applied to male defendants.

We have had under careful consideration the said juvenile and delinquent child acts of the Legislature in the recent cases of McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611, and Ex parte Bartee, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1051, and we therein fully discussed the said laws and the effect thereof. We there held that, even in a prosecution of a male under seventeen years of age for a felony, that the said laws did not make it compulsory for the district judge to dismiss such felony charge and have the party proceeded

against under the juvenile Act, but that the court had the power and authority in such case of felony to proceed to the trial regularly as if the party was an adult male. And that, in misdemeanor cases, the court had the same power and authority, but that, in such misdemeanor case, it was necessary to at first enter an order to the effect that the party should be prosecuted as an ordinary criminal and not a juvenile. We think it wholly unnecessary to discuss these questions again. We have no doubt that we reached the correct conclusion in those cases.

We know of no law authorizing or requiring that a female under eighteen years of age and above thirteen years of age can not be prosecuted for any felony or that the district judge is either authorized or required to dismiss a felony indictment against a female and have her tried as a delinquent child or as a juvenile can be when a male under seventeen years of age. We know of no law which has provided a place of imprisonment other than the penitentiary for females who are prosecuted under the age of eighteen years like the Gatesville institution has been provided for males under seventeen years of age. The necessity for such a law has never arisen so far as we know. At least, there is no such law.

The evidence was clearly sufficient to authorize the verdict. The testimony of the appellant herself would have been sufficient for this. Appellant's special peremptory charge to acquit was properly refused by the trial judge; and so was his charge No. 2, even if the record should show that either was presented in such a way and in such a time as to require this court to consider them.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, not present at consultation.