## EX PARTE ETHEL McLOUD.

No. 4591. Decided November 14, 1917.

**1.—Delinquent Child—Juvenile—Statutes Construed—Females.**

In article 1195, C. C. P., a provision is made whereby a boy under 17 years of age, charged with a felony, may be exempted therefrom, and prosecuted as a juvenile delinquent, but no similar provision is found in the statute with reference to delinquent children who are females.

**2.—Same—Statutes Construed—Conflict of Laws—Females—Males.**

It has been held by this court that the law did not exempt or provide any procedure for exempting a female under the age of 18 and above 13 years of age from prosecution for a felony, and the effect of this decision is to hold that the Juvenile Act, title 17, does not repeal article 34, P. C., and it follows that article 1197, C. C. P., and article 34, P. C., are in conflict. Following Townser v. State, 79 Texas Crim. Rep., 4.

**3.—Same—Statutes Construed—Penal Law Inoperative, When.**

Under article 6 of the Penal Code it is provided that when a penal law is so indefinitely framed, or is of such doubtful construction that it can not be understood, etc., it shall be regarded as wholly inoperative; and it would be absurd to assume that it was the legislative intent to repeal the articles of the Penal Code under which a female under 18 years of age might be prosecuted for crime. Following Ex parte Marshall, 72 Texas Crim. Rep., 83.

**4.—Same—Statutes Construed—Penal Laws not Repealed.**

That the legislative intent in the passage of the statute, title 17, was to leave the laws against felonies intact is indicated in the expressed terms of article 1195, C. C. P., which provides for the procedure for trying as a juvenile a delinquent boy under 17 years of age who is indicted for a felony.

**5.—Same—Statutes Construed—Criminal Case.**

A procedure by complaint and information filed by the county attorney, as in other cases under the laws of this State, under the delinquent child statute, is a criminal prosecution, and is directed against offenders against the criminal laws of the State. Following Ex parte McDowell, 76 Texas Crim. Rep., 1. Qualifying Ex parte Bartee, 76 Texas Crim. Rep., 285.

**6.—Same—Punishment—Jury and Jury Law.**

Under article 770, C. C. P., a verdict 'in every criminal action must be general, and the jury must find that the defendant is guilty or not guilty and assess the penalty, and precludes the idea that the trial judge might fix the terms of imprisonment. Following Marshall v. State, 73 Texas Crim. Rep., 531, and other cases.

**7.—Same—Statutes Construed—Males—Females.**

In the absence of some provision, such as that contained in article 1195, C. C. P., with reference to boys, exempting them from prosecution under the ordinary criminal laws of the State, article 1197, C. C. P., is inoperative in so far as it occupies the same field as the statutes against felonies and misdemeanors, and is effective only as to that part of the article which is not in conflict with the other criminal laws of the State. Cole v. State of Texas, ex rel Cobolini, 106 Texas, 472.

**8.—Same—Statutes Construed—Place of Confinement.**

We believe that the statute is inoperative in failing to fix any measure by which the jury is authorized to determine the terms of duration or place of confinement.

**9.—Same—Statutes Construed—Delinquent Child—Juvenile Criminal— Right of Appeal.**

Under the delinquent child statute the accused has the right of appeal, as the Legislature has not made any exception of persons ·coming within the Act regulating juvenile criminals under title 17, C. C. P.

**10.—Same—Case Stated—Delinquent Child—Judgment.**

Where relator was tried and convicted as a delinquent child, and was a 'female under the age of 18, and committed to the care and custody of the mother superior of the Sisters of the Good Shepherd, Dallas, Texas, for an indeterminate period of time, not extending beyond said child attaining the age of 21 years, such judgment, in the absence of a provision in the law under which a jury could fix the terms and duration of punishment of the delinquent, is void, and relator must be discharged.

From Harris County.

Original habeas corpus proceeding asking release from a committal under a judgment of the County Court, confining relator to the custody of ·the mother superior of the Sisters of the Good Shepherd, Dallas, Texas.

The opinion states the case.

*Heidengsfelders,* for relator.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This is an original application for a writ of habeas corpus. The relator was presecuted under a complaint and information charging that she was a delinquent child, sufficiently complying with article 1199, C. C. P., in · setting out the reasons therefor. She was tried in the County Court of Harris County without demanding a jury, the judgment containing the following: "that she is declared a delinquent child, and it is hereby ordered and decreed by the

court that the said child be committed to the care and custody of the mother superior of the Sisters of the Good Shepherd, Dallas, Texas, for an indeterminate period of time not extending beyond said child attaining the age of twenty-one years."

The authority to hold her is assailed upon the ground that she was in fact over eighteen years of age, and because the law under which she is held is unconstitutional and void, and by denying her the right of appeal deprives relator of liberty without due process of law. The law with reference to delinquent children, title 17, Vernon's C. C. P., p. 985 et seq., is discussed at some length in the case of Ex parte Pruitt, decided November 7, 1917, by this court. In the Pruitt case the relator was a male under seventeen years of age. In this case the relator is a female charged to have been under eighteen years of age.

The term "delinquent child" is defined in article 1197 of the Code of Criminal Procedure, as follows: "The words 'delinquent child' shall include any male child under seventeen years of age, or any female child under eighteen years of age, who violates any laws of this State, or any city ordinance; or who is incorrigible; or who knowingly associates with thieves, vicious or immoral persons; or who knowingly visits a house of ill repute; or who knowingly patronizes or visits any place where any gambling devise is or shall be operated; or who patronizes any saloon or place where any intoxicating liquors are sold; or who habitually wanders about the streets in the night-time without being on any business or occupation; or who habitually wanders about any railroad yards or tracks; or who habitually jumps on or off any moving train, or enters any car or engine without lawful authority; or who is guilty of immoral conduct in any public place. Any child committing any of the acts herein mentioned shall be deemed a 'delinquent child,' and shall be proceeded against as such in the manner hereinafter provided."

Article 34 of the Penal Code is as follows: "No person shall in any case be convicted of any offense before he was of the age of nine years, except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; nor of any other offense committed between the years of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

In article 1195, Code of Criminal Procedure, a provision is made whereby a boy under seventeen years of age, charged with a felony, may be exempted therefrom and prosecuted as a juvenile delinquent. No similar provision is found in the statute with reference to delinquent children who are females. It was said by this court in an opinion written by Judge Prendergast, in the case of Townser v. State, 79 Texas Crim. Rep., 4, 182 S. W. Rep., 1105, that the law did not exempt, or provide any procedure for exemption, a female under eighteen years of age and above thirteen years of age from proscution for

a felony. The effect of this decision is to hold that the juvenile Act, title 17, supra, does not repeal article 34 of the Penal Code, supra. It follows that article 1197, quoted above, and article 34 are in conflict; at least to the extent that the matters mentioned in article 1197 have been denounced as felonies or misdemeanors. In other words, a girl under thirteen years of age and over nine years of age is subject to prosecution for any offense made criminal by the Penal Code under the restrictions set out in article 34, supra; and one over thirteen and under seventeen years of age is subject to prosecution through the ordinary processes of the administration of criminal law for any offense named in the Penal Code which could be committed by a person of that description. If both provisions of the statute stand, a female under eighteen years of age may be prosecuted for a felony or a misdemeanor, or at the option of the prosecuting authorities prosecuted as a delinquent child. It is said in 12 Cyc., 954: "The punishment for the same offense must be uniform for all persons in the same class." The option mentioned is a doubtful authority for the reason that it would make the character or grade of offense, for which individuals of the same class might be prosecuted, depend not upon a uniform rule declared by the Legislature, but upon the arbitrary discretion of those entrusted with the execution of the law.

Article 6 of the Penal Code is as follows: "Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative." This article was declared by this court, in the case of Ex parte Marshall, 72 Texas Crim. Rep., 83, to operate in instances where the statute under consideration could not be harmonized with other unrepealed provisions of the Penal Code. It would be absurd to assume that it was within the legislative intent to repeal the articles of the Penal Code under which a female under eighteen years of age might be prosecuted for crime. They were held not to repeal in Townser v. State, 79 Texas Crim. Rep., 4, 182 S. W. Rep., 1104, and the terms of the statute defining "delinquent child," article 1197, Code of Criminal Procedure, expressly recognized that they are not repealed when it declares that the words "delinquent child" shall include any male child under seventeen years of age, or any female child under eighteen years of age, who violates any laws of this State or any city ordinance. That the legislative intent in the passage of the statute, title 17, supra, was to leave the laws against felonies intact is indicated in the express terms of article 1195, supra, wherein it provides the procedure for trying as a juvenile delinquent a boy under seventeen years of age who was indicted for a felony. The title in question, after defining a delinquent child as above, in article 1198, fixes the jurisdiction for her trial in certain courts, and prescribes in terms that she may on demand be tried by a jury; and in article 1199 it is provided that proceedings

against her shall be begun by sworn complaint and information filed by the county attorney as in other cases under the laws of this State. Complaint and information are made by the statute of this State the procedure for beginning criminal actions, and the Constitution provides, article 5, section 17, that misdemeanors may be prosecuted by information or indictment. This court, in Ex parte McDowell, 76 Texas Crim. Rep., 1, 172 S. W. Rep., 213, in unanimous opinion written by Judge Davidson, held that proceedings under this Act were criminal in their nature. In Ex parte Bartee, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1051, the majority held the proceedings were of a civil nature. Article 1195, one of the subdivisions of the title, provides for the right of a boy to the benefit of the suspended sentence Act. Article 1200 provides for the arrest of the accused. Articles 1197 and 1195 both indicate that the law is directed against offenders against the criminal laws of the State; that the beginning of the prosecution is by complaint and information, and essentially a criminal procedure, indicating that the conclusion reached by the court in the case of Ex parte McDowell, supra, to the effect that the statute was in the nature of a criminal statute was correct.

The statute in question contemplates that delinquent children may be taken from the custody of their parents or guardians, or others standing in that relation, and deprived of their liberty, and confined in some place of confinement. In the part of the statute which refers to male delinquents the terms of confinement are made specific in the following language: "If said juvenile be found to be delinquent, and sentence be not suspended, as provided in the laws of this State in cases of felony on first offense the defendant shall be committed to the State Industrial School for Boys upon an indeterminate sentence; provided, that such defendant shall not be detained in said school after he has reached the age of twenty-one years." The part of the statute relating to delinquent girls has no similar or corresponding provision. The only part of the statute on the subject is article 1203, which we quote as follows:

"In any case of 'delinquent child' coming under the provisions of this law, the court may continue the hearing from time to time and may commit the child to the care of the probation officer or to the care or custody of any other proper person, and may allow said child to remain in its own home, subject to visitation of the probation officer or other person designated by the court, or under any other conditions that may seem proper and be imposed by the court; or the court may cause the child to be placed in the home of a suitable family, under such conditions as may be imposed by the court, or it may authorize the child to be boarded out in some suitable family, in case provision is made, by voluntary contribution or otherwise, for the payment of the board of such child until suitable provision may be made in a home without such payment; or the court may commit it to any institution in the county that may care for children that is willing to receive it, or which

may be provided for by the State or county, suitable for the care of such children, willing to receive it, or of any State institution which may now or hereafter be established for boys or girls, willing to receive such child, or to any other institution in the State of Texas for the care of such children willing to receive it. In no case shall a child proceeded against under the provisions of this law be committed beyond the age of twenty-one years. The order of the court committing such child to the care and custody of any person hereinbefore set out shall prescribe the length of time and the conditions of such commitment; and such order shall be at all times subject to change by further orders of the court with reference to said child; and the court shall have power to change the custody of such child or to entirely discharge it from custody whenever, in the judgment of the court, it is to the best interest of the child to do so." . . .

Unless the provision above quoted prescribes the measure of the jury's authority in fixing the punishment or detention of the delinquent, there is none designated by the statute. This part of the Act appears to delegate to the judge certain authority.

Article 770 of our Code of Criminal Procedure contains the following: "The verdict in every criminal action must be general; where the plea is not guilty, they must find that the defendant is either 'guilty' or 'not guilty'; and, in addition thereto they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty." This last quoted provision was held, in Marshall's case, 72 Texas Crim. Rep., 83, to preclude the idea that the judge might fix the terms of imprisonment, and therein a statute undertaking to delegate to him authority was held void. The proposition was reiterated in the case of Marshall v. State, 73 Texas Crim. Rep., 531, 166 S. W. Rep., 722. Both decisions proceeded upon the reasoning that article 770, supra, requiring the jury to fix the penalty, being unrepealed, the law delegating that authority to the judge was void by virtue of article 6 of the Penal Code, which is quoted above, and which condemns as void a statute of such doubtful construction that it can not be understood either from the language in which it is expressed or from some other written law of the State. While the object of this statute is not punishment alone but has in view the protection, training and reformation of a delinquent child, its purpose is to assert a right which the State possesses. Wharton, Crim. Law, secs. 364-370; In re Sharp, 18 L. R. A. (N. S.), 886, 22 Cyc., 520-521; State v. Miller, 144 S. W. Rep., 809. It in asserting the right ousts others who, under statutory and common law, have the right to the custody and service of their children, and in addition thereto deprives the delinquent of her liberty by proceedings criminal in their nature. It is, therefore, essential that the procedure be defined and explicit.

We believe that in the absence of some provision such as that contained in article 1195, supra, with reference to boys, exempting them from prosecution under the ordinary criminal laws of the State, that

article 1197 is inoperative in so far as it occupies the same field as the statutes against felonies and misdemeanors, and that it is effective only as to that part of the article which is not in conflict with the other criminal laws of the State (Cole v. State of Texas ex rel Cobolini, 106 Texas, 472) ; that is to say, that part of it is effective only which defines a delinquent child as a female under eighteen years of age who is incorrigible or who knowingly visits a house of ill repute; or who knowingly patronizes or visits any place where any gambling device is or shall be operated; or who patronizes any saloon or place where any intoxicating liquors are sold; or who habitually wanders about the streets in the night-time without being on any business or occupation; or who habitually wanders about any railroad yards or tracks; or who is guilty of immoral conduct in any public place; and we believe that the statute is inoperative in failing to fix any measure by which the jury is authorized to determine the terms of duration or place of confinement.

The suggestion that the law is void because it denies the right of appeal, we think, is not tenable. Article 5, section 5, of the Constitution says: "The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade with such exception and under such regulations as may be prescribed by law." Article 894 of the Code of Criminal Procedure is as follows: "A defendant in any criminal action, upon conviction, has the right of appeal under the rules hereinafter prescribed." Title 17, Code of Criminal Procedure, is a law providing for procedure against transgressors against the laws of the State. The Legislature has not made an exception of persons coming within that Act, and in the absence of such exception they would, in our judgment, come within the provisions of article 894, supra, extending to persons convicted the right of appeal.

Because of the absence of a provision in the law under which a jury could fix the terms and duration of confinement of the delinquent, we think the judgment is void and relator entitled to discharge, which is ordered.

*Relator discharged.*

PRENDERGAST, JUDGE, dissenting.