ELMER GEBHARDT v. THE STATE.

No. 5660. Decided February 25, 1920.

1.—Delinquent Child—Punishment—Function of Jury.

Where, upon trial of a delinquent child, a jury had been demanded and impaneled, the trial judge was without power or authority to fix the punishment, this was a matter exclusively within the province of the jury. Following: Ex parte Pruitt, 82 Texas Crim. Rep., 394.

**2.—Same—Delinquent Child—Insufficiency of the Evidence.**

Where, upon trial of a delinquent child, the evidence was insufficient to support the conviction, the verdict could not be sustained.

**3.—Same—Construction of the Law—Practice on Appeal.**

Where it was not necessary to the disposition of the case, other questions with reference to the construction of the statute are not discussed.

Appeal from the County Court of Bexar. Tried below before the Hon. J. R. Davis, judge.

Appeal from a conviction of a delinquent child; penalty, indeterminate sentence of from two to five years in the Bexar County Training School.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The information charged and the jury found that the appellant was a delinquent child. The court entered judgment · committing him to custody of the Bexar County Training School upon an indeterminate sentence of from 2 to 5 years. A jury having been demanded and empaneled, the trial judge was without power or authority to fix the punishment. The guilt of the appellant, as well as the amount of his punishment, was a matter exclusively within the province of the jury. This was held in Ex parte Pruitt, 82 Texas Crim. Rep., 394, 200 S. W. Rep., 394, and in a number of cases therein referred to.

The facts in evidence do not support the allegations of the complaint, they are insufficient to show that appellant violated any of the laws of the State, and do not afford an adequate foundation for the verdict rendered.

Interesting questions are suggested concerning the validity of some of the provisions of the Delinquent Child Act, Title 17, Texas C. C. P., amended in Chap. 26, Acts Thirty-fifth Legislature, Fourth Called Session. We are furnished no brief supporting the conten-· tions advanced; and the questions raised are · in the nature of an attack upon the constitutionality of the law, and it not being necessary to the disposition of the case, we pretermit a discussion of them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*