Ex Parte Minnie Lassiter.

No. 12746.   Delivered June 12, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant sued out a writ of habeas corpus alleging she was restrained of her liberty by the Sheriff of Johnson County and H. F. Carroll, Juvenile Officer of Johnson County, but was not informed by what authority, if any, she was being restrained by said officers. Upon a hearing judgment was entered in the County Court of Johnson County remanding her to the custody of the said H. F. Carroll to be delivered to the Girls' Training School at Gainesville, Texas, in accordance with the commitment heretofore issued, from which judgment she appeals to this Court. The answer of the officers aforesaid admitted the truth of the allegations that appellant was being restrained and attached thereto an order of the County Court reciting in substance that it was to the best interests morally and physically of appellant that she be turned over to the care and custody of the Girls' Training School and that all orders "heretofore entered giving the care and custody of said child to Fred Haney be suspended, and that the said child be turned over to the care and custody of the Girls' Training School," etc. The aforesaid order remanding relator recites that after hearing "the pleadings read, the evidence introduced, and the argument of counsel, is of the opinion that the said Minnie Lassiter is lawfully restrained and held by the Sheriff and Juvenile Officer," etc., and further ordered that she be turned over by them to the custody of the Girls' Training School of the State of Texas at Gainesville, Texas.

No statement of facts accompanies the record. We are not able to determine upon what evidence the Court acted and it will be presumed under such circumstances that sufficient evidence was introduced to support the final order made, unless the proceedings were void. That they were not is manifest. Under the terms of Title 43, R. C. S., and Title 16, C. C. P., the County Court had the right to make the order shown in the record, changing her custody from a private individual to the Girls' Training School. The presumption

obtains in the absence of some showing to the contrary that the agencies of the law did their duty and that such facts existed as warranted the action taken.

The judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.