JESUS REYES V. THE STATE.

No. 22379. Delivered on May 26, 1943.
Appellant's Motion for Rehearing Denied (Without Written Opinion) October 20, 1943.

The opinion states the case.

*Julian LaCrosse,* of Del Rio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This purports to be an appeal from the order the County Court of Val Verde County, sitting as a Juvenile Court, wherein the appellant was found and adjudicated to be a delinquent child and his punishment fixed at confinement in the Gatesville State School for Boys for an indeterminate period until he shall have arrived at the age of twenty-one years "unless the court should in the meantime make a different disposition of him."

A motion for new trial was filed, and in the order overruling the motion wherein notice of appeal was given to this court, we find this significant order:

"It is therefore ordered, adjudged and decreed by the court that the said motions of the defendant, Jesus Reyes, filed herein, be and the same are hereby in all things overruled and refused.

"Whereupon the defendant, Jesus Reyes, through his counsel excepted and gave notice of appeal to the Honorable Court of Criminal Appeals for the State of Texas, which notice of appeal is here now entered of record.

"And it appearing to the court that the defendant is a juvenile and that he is now at liberty and in the custody of his parents, by authority and under the provisions of Article 1087, Code of Criminal Procedure, exercised by this court, and there is no necessity for detaining him, the said defendant, or requiring bond for him pending his said appeal, it is further ordered by the court that said defendant be and he is here now paroled in the custody of his parents, Gilberto Reyes and Tomasa Duron Reyes, pending such appeal."

The record fails to affirmatively reflect the giving of an appeal bond or recognizance by appellant in this case. Article 1093, C. C. P., provides for an appeal to this court in juvenile cases and that such appeal is to "be governed by the same rules as apply in cases of misdemeanor."

If the order first entered directing the appellant's confinement in the Gatesville State School for Boys be the final judgment of the court, then the appeal must of necessity be dismissed

312

because of the failure of an appeal bond—the record affirmatively reflecting that the appellant is not now in custody.

If the order as set out above wherein the appellant was paroled to the custody of his parents be construed as superseding the first order, there still is no appeal bond or recognizance.

The provisions of Article 1091, C. C. P., leaves the disposition of the juvenile to the discretion of the court. See Ex parte McDowell, 76 Tex. Cr. R. 1, 172 S. W. 213; Ex parte Lassiter, 113 Tex. Cr. R. 18; 18 S. W. (2d) 637.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.