"When extraneous crimes tend to show the intent, when intent is an issue, the testimony is admissible"—citing Gilbraith v. State, 41 Tex. 567; Long v. State, 11 Tex. App. 387; Davison v. State, 12 Tex. App. 215; Glover v. State, 76 S. W. 465; Penrice v. State, 105 S. W. 797; and other cases.

In Encyclopedia of Evidence, vol. 7, p. 627, the rule is said to be:

"In all cases in which the guilty knowledge or intent of a party in the act or transaction in question is an essential element, evidence of other similar acts or offenses committed by such party is relevant and competent testimony"— citing authorities from many states.

All the acts were committed by appellant after the time his suit was dismissed in the district court and prior to the time this prosecution was commenced, and would aid the jury in determining whether appellant's claim that he tore down the fence under the belief that to do so was correct, and the testimony was not too remote.

[3, 4] Appellant insists that, if the testimony was admissible, the court should have instructed the jury the purpose for which said testimony was admissible. This is a misdemeanor, and the court is not required to give any charge to the jury, and, if he does do so, the appellant must reserve an exception to the charge as given or failure to submit an issue, and present a special charge on that issue. This appellant did not do, and it is too late to complain of the charge in this respect in the motion for a new trial.

[5] The court's charge on the issue of appellant's claim that he acted in good faith, believing he had a right to tear down the fence, was presented in as favorable light as he had a right to demand in the court's main charge. It was not objected to in any manner at the time it was given, and, under such circumstances, there was no error in refusing the special charges requested.

[6] The appellant's suit for the land on which the fence was situate, his testimony on the trial that his mother had been in possession of it, and his sister also, shows conclusively that he intended by force, without her consent, to eject her and take possession. This the law does not sanction. In a civil suit for the land, he may, as he contends, be adjudged the owner of the land; yet he admits he knew another was in possession, claiming it as her own; and the courts are created to settle such differences, and he had no authority or right to seek to forcibly take possession away from one in possession, when the record discloses that she and those under whom she claimed had been in possession of the land for more than 20 years.

The judgment is affirmed.

━━━━━

McCALLEN v. STATE. (No. 3438.)

(Court of Criminal Appeals of Texas. Feb. 24, 1915. Rehearing Denied March 17, 1915.)

INFANTS ⬥18—JUVENILE OFFENDERS—PROSECUTION—JURISDICTION.

Act April 2, 1889 (Acts 21st Leg. c. 85), incorporated in Code Cr. Proc. 1895, as articles 1145 and 1146, provided that, when a male person under 16 years of age was convicted of felony, and his imprisonment was assessed at 5 years, he should be committed to the reformatory. Act April 5, 1907 (Acts 30th Leg. c. 65), in ten sections defines and prescribes the procedure for trial of a delinquent child. Act April 5, 1907, was copied in the Code Cr. Proc.

1911 as articles 1197 to 1206; the earlier act being incorporated as articles 1195 and 1196. The revisers also included the same act in Rev. St. 1911, as articles 2191 to 2201, inclusive. Both compilations were adopted by the Legislature. Acts 33d Leg. c. 112, amended Code Cr. Proc. 1911, arts. 1195 to 1207, and at the special session of the Legislature (Acts 33d Leg. [Sp. Sess.] c. 6), Rev. St. 1911, arts. 5221–5234, relating to the same general subject, were amended and re-enacted. Act 1907, §§ 9, 10, appearing in Rev. St. 1911 as articles 2199–2201, were not changed. Code Cr. Proc. 1911, art. 1195, as amended, provides that, when a male juvenile under 17 years of age is indicted for a felony, he may set up that fact, and the court shall have the power to dismiss the prosecution and try the juvenile as a delinquent. Rev. St. 1911, art. 5229, contains similar provisions, while article 2199 provides that the county or district court may order a delinquent child, charged with crime, to be prosecuted under the criminal laws of the state as other criminals, but that no child under 16 years of age shall be so prosecuted without the order being first entered. *Held* that, as repeals by implication are not favored, Rev. St. 1911, arts. 2199, 2200, were not repealed, and the district court had jurisdiction to try a juvenile offender.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. ☞18.]

Davidson, J., dissenting.

Appeal from Gregg County Court; J. H. McHaney, Judge.

Oscar McCallen was convicted of crime, and appeals. Affirmed.

W. C. Shoults, of Longview, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Upon proper complaint and information, appellant was convicted under the misdemeanor statute for making an illegal sale of whisky in prohibition territory, and his punishment assessed at the lowest prescribed by law. There is no statement of facts on the trial of the main case, nor any such statement on any question arising in it; so that we must take the case and questions arising as shown by the record.

As stated, the complaint and information are in every way regular and sufficient, charging appellant with making an unlawful sale of intoxicating liquors in said county after the law prohibiting the sale of such liquor was made a misdemeanor by the proper election, orders, and publication. Neither the complaint nor information in any way indicate the age of appellant. They were both made and filed in the county court on October 20, 1914. The number on the docket of said court was 2590. The case was tried October 27, 1914. On that date appellant filed his sworn motion to dismiss the cause and transfer it to the juvenile court, pleading and swearing that he was then under 16 years of age. It seems that the county judge preliminarily on said date docketed the cause on the juvenile record as No. 9. Whether he heard evidence as to the age of the appellant is not shown. Possibly it may

be inferred that he did. What it was is in no way made to appear by this record. Whether he heard evidence or not, and whether it was shown on the hearing thereof that appellant was under 16, or even 17, years of age, is not shown. Whatever the facts may have been, the court, on said date, October 27, 1914, entered on the juvenile record of his court in cause No. 9 an order stating:

"In the above-entitled cause, it appearing to the court that it is to the best interest of the child, Oscar McCallen, that he be prosecuted under the criminal laws of the state on a charge of violating the local option law, it is therefore ordered, adjudged, and decreed by the court that said child, Oscar McCallen, be so prosecuted, and that all judgments, orders, and decrees, of this court heretofore entered relating to said child as a delinquent child be suspended."

And the record shows that he was tried in the county court in the number and style of the cause in which the original papers were filed. He waived a jury, and tried the case before the court. The court found him guilty, and, as stated, assessed his punishment at the lowest fixed by law.

He made a motion for a new trial on the grounds: First, that the court erred in overruling his motion to quash the complaint and information, on what ground it is not stated, and the record does not disclose; second, because of said judgment against him, claiming that the cause against him was originally filed in the county court as a misdemeanor case, that he filed his motion to dismiss the cause from the county court docket for the reason that he was under 16 years of age, that said court was without jurisdiction to try the cause, and that the case ought to be transferred to the juvenile court, claiming also that the court did transfer the cause and proceeded to try him on that docket; third, that the judgment was contrary to the law, in that he could not be punished by fine and imprisonment under the juvenile act, and that he should be proceeded against under that act exclusively. This motion was sworn to by appellant's attorney. The court overruled the motion. He excepted, gave notice of appeal, and brought the case here.

We could well conclude from this record that, notwithstanding appellant filed a sworn plea that he was under 16 years of age, when the court heard the evidence thereon, the proof did not sustain his plea, and upon that view alone properly affirm this judgment. However, there is such an intimation in the record that the appellant was under the age of 16 years, and the matter is of such importance that we deem it appropriate to discuss and determine the question on the assumption that appellant was under the age of 16 years.

[1] Prior to 1889 all persons convicted of crime, even under the age of 16 years, were liable to the same punishment as those above said age. If of felony, they had to be con-

fined in the penitentiary; if of a misdemeanor, they were compelled to pay a fine and suffer a jail imprisonment, as might be imposed under the law. By Act April 2, 1889, p. 95, § 12, as amended in 1895, page 94, and incorporated in our C. C. P. 1895 as article 1145, it was for the first time required that, when a male person under 16 years of age was convicted of a felony, and his punishment assessed at imprisonment of 5 years or less, that he should not be confined in the penitentiary, but in the reformatory established and located at Gatesville, Tex. That act made no provision about a misdemeanor conviction.

The first act about juveniles was enacted by the Legislature April 5, 1907 (Laws 1907, p. 137), in ten sections, defining and prescribing the procedure for the trial of a "delinquent child." Said articles 1145 and 1146 of the C. C. P. were amended by Act March 17, 1909 (Laws 1909, p. 100). The very next act of the same Legislature amended section 9 of the 1907 delinquent child act, and the next act (Laws 1909, p. 103), changed the name of the Gatesville institution, and prescribed regulations therefor.

The revisers of 1910-11 bodily copied the said act of 1907 in the C. C. P. as articles 1197 to 1206, inclusive, and copied said articles 1145, 1146, as amended in 1909, in the same chapter, as articles 1195 and 1196. At the same time they also embodied in the Revised Civil Statutes said act of 1907, as articles 2191 to 2201, inclusive, and the Legislature adopted both as thus contained. There is no difference between these several provisions in the R. S. and those copied in the procedure above noted. Contemporaneous with these several acts, the Legislature, in 1909 (Laws 1909, p. 103), amended the Revised Statutes, regulating the control of said Gatesville institution, and changed the name of it. This act was embraced in the Revised Civil Statutes of 1911 under articles 5221 to 5234, inclusive.

Again, on April 2, 1913 (Laws 1913, p. 214), the Legislature amended said articles 1195 to 1207 of the C. C. P., in lieu of those articles as they appeared in the Code entirely, making changes therein, except article 1205, which was expressly repealed. And on August 16, 1913, at the special session of the same Legislature, the said articles of the Revised Statutes 5221 to 5234 were amended and re-enacted with changes, and article 5234a was added thereto. Evidently it was the intention of the Legislature that all these laws were to be construed together as one whole. The said sections 9 and 10 of the act of 1907, embodied as articles 2199 and 2200 of the Revised Civil Statutes, have neither been amended expressly nor repealed expressly. Taking the various enactments, we conclude that it was the intention of the Legislature not to repeal said articles 2199 and 2200. It is a universal rule that repeals by implication are not favored.

Said article 1195, C. C. P., as enacted in 1909 (Laws 1909, p. 100), and embraced in the Revised C. C. P. of 1911, provided that, when a male juvenile under 16 years of age was indicted for a felony, he, or any one for him, might file a sworn statement setting forth that he was under the age of 16. Thereupon the judge was required to hear the evidence, and, if satisfied that the defendant was less than 16 years of age, "said judge shall have authority to order such prosecution dismissed," etc. This article, as amended by Act April 2, 1913 (Laws 1913, p. 214), was changed so that, if the male was under 17 years of age, he, or any one for him, could file such sworn statement, and the judge should hear evidence, and, if satisfied that he was under 17 years of age, "said judge shall dismiss such prosecution and proceed to try the juvenile as a delinquent," etc. The language in this latter article would ordinarily be construed as mandatory or imperative; but, as stated, the Legislature left in full force said article 2200, Revised Statutes, which expressly provides that, whenever it shall appear to the district court that any person prosecuted in such court for a felony is under 16 years of age, "such court shall have authority to order such prosecution dismissed and to order such child to be committed to the juvenile court of the county * * * for such action and disposition as said juvenile court may think proper in the premises." Again, by an act of the same Legislature at its special session August 16, 1913 (Laws 33d Leg. [Ex. Sess.] c. 6; Vernon's Sayles' Ann. Civ. St. 1914, art. 5229), by the amendment of article 5229 of the Revised Civil Statutes it was expressly enacted:

"Hereafter all male persons under the age of 17 years who shall be convicted of a felony, or other delinquency in any court within this state unless his sentence be suspended, as provided by law, or otherwise disposed of or unless by reason of the length of the term for which he is sentenced, is required under the law to be confined in the state penitentiary, shall be confined in the Texas Training School for Boys [the said Gatesville institution]."

And said article 1195, as amended April 2, 1913, clearly contemplates that a mere juvenile under 17 years of age may be legally indicted by the grand jury for any felony he may have committed. And it further contemplates clearly that, if found guilty of a felony, his punishment may be assessed at more than 5 years, when the offense carries a greater punishment, for it provides that, if he be found to be a delinquent, and sentence be not suspended as provided by the laws of this state in cases of felony on first offense, then, and only then, shall he be committed to said Gatesville institution; clearly contemplating that, if his penalty is fixed at greater than 5 years, he shall be incarcerated in the penitentiary. Taking the whole legislation,

we cannot believe that the Legislature intended that a male person under 17 years of age shall not, under any circumstances, be punished as a felon. Illustrations could be made which, it seems to us, would preclude such an idea. For instance, suppose that a male not quite 17 years of age and a female not quite 18 years of age should together, with firearms, rob some girl under 15 years of age. Then by force take her into some secluded place, and the woman, just under 18 years of age, should hold the little child, while the male just under 17 years old, should ravish her by force, and then, fearing the little girl had recognized them, and that they would be prosecuted for robbery and rape, they should then murder her, thus committing three of the most horrible crimes known to our law or to civilization. And that this might be the case is no unreasonable supposition, for in Campbell v. State, 63 Tex. Cr. R. 595, 141 S. W. 232, Ann. Cas. 1913D, 858, and the companion case of Hutcherson v. State, 62 Tex. Cr. R. 1, 136 S. W. 53, it was shown that Hutcherson, a man, was assisted by Mrs. Campbell, who was then only a young woman about 16 years of age, committed rape upon a young girl under 15 years of age, and both were convicted therefor. And in Morris v. State, 39 Tex. Cr. R. 371, 46 S. W. 253, Morris, a man, first raped a little 6 year old blind girl, and then murdered her, because she threatened to tell her mother on him, and he was convicted for the murder with the death penalty assessed.

Again, as to charges for misdemeanor, said article 1205, C. C. P., in the Revised Code of 1911, provided that, when any male juvenile under 16 years of age shall commit a misdemeanor, he shall be tried in the county or district court having jurisdiction, under the laws of this state. This article was expressly repealed by said act of April 2, 1913, but, as stated above, said article 2199 of the Revised Civil Statutes was not amended nor expressly repealed. It provides:

"The county or district court, when it deems it proper and necessary, may order a child coming under the definition of this chapter [a delinquent], and which is charged with the commission of a misdemeanor, to be prosecuted under the criminal laws of this state as other persons charged with misdemeanors are prosecuted; but no child under 16 years of age shall be so prosecuted, without such order being first so entered."

In our opinion, this article is still in force. It is clear that the trial judge in this case acted upon this statute, and made the order that appellant should be prosecuted, and was, as directed by this article.

Therefore this case must be affirmed; and it is so ordered.

DAVIDSON, J. (dissenting). The statutes discussed in the opinion and the opinion itself, I think, manifestly show that these statutes are so incongruous, antagonistic, and unintelligible they cannot be held operative, and should be held inoperative under requirements of article 6, Penal Code of 1911. These statutes, as I understand them, cannot be harmonized or construed to be valid. The Legislature should pass such legislation as would obviate these incongruous matters.