### E. C. DAVIS v. THE STATE.

#### No. 4027. Decided March 29, 1916.

**1.—Keeping Disorderly House—Reputation—Evidence.**

Where, upon trial of keeping a house of prostitution, the State introduced testimony that the alleged house had the reputation of being a disorderly house at the time defendant was connected with it, there was no reversible error.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of keeping a house of prostitution, the evidence sustained the conviction, there was no reversible error.

Appeal from the County Court of Wichita. Tried below before the Hon. Harvey Harris.

Appeal from a conviction of keeping a house of prostitution; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Ralph P. Mathis* and *W. Lindsay Bibb,* for appellant.—On question of the insufficiency of the evidence: Hitchings v. State, 65 Texas Crim. Rep., 279, 143 S. W. Rep., 1164; Bowman v. State, 73 Texas Crim. Rep., 194, 164 S. W. Rep., 846.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted under an information charging him with aiding, assisting and abetting the keeping of a house of prostitution and a house where prostitutes were permitted to resort and reside.

Appellant objected to Ed Carnes being permitted to testify that the house with which he was charged with aiding and abetting the keeping had the reputation of being a disorderly house at the time he was acting as night clerk of the Royal Hotel, and had that reputation before appellant began working there. The objection was directed at that portion of the testimony in which he said: "I could not limit my knowledge of the reputation of this house as just since the defendant began working. It has been disorderly for a long time." As the testimony shows the reputation of the house was disorderly when appellant began working there and so continued all the time he was connected with it, the bill presents no reversible error.

The court did not err in refusing to give peremptory instructions to acquit, as we think the testimony would justify a conviction. The reputation of the house was shown to be a house where prostitutes resorted and resided. Harold Buster testified that the reputation of the three women he saw at this hotel was bad,—that they were common prostitutes—that he had seen at least one of them in the reservation at Lillian Hall's. Lewis Scott testified he was porter at the Royal Hotel, and that appellant told him, "If I found anyone that wanted a woman

up there, to send them to him." Ed Carnes testified that he secured a room at this hotel, and said to the porter, Lewis Scott, that he was going down to the reservation to see the girls, when the porter replied, "Boss, we have got any kind of girls you want at the hotel"; the porter took him to his room, and in about twenty minutes a girl opened the door and came in.

The judgment is affirmed.

*Affirmed.*