### J. C. McLaren v. The State.

No. 4669.  Decided November 7, 1917.

**1.—Murder—Juvenile Delinquent—Felony—Statutes Construed.**

. Article 1195, Code Criminal Procedure, which provides that where a boy under seventeen years of age at the time of the trial, files a sworn statement that he is under said age, etc., the district judge shall hear evidence on the question of the age of the defendant, and if he be satisfied from the evidence that said juvenile is less than seventeen years of age, said judge shall dismiss such prosecution for felony to try the juvenile as a delinquent, etc., is mandatory in cases of felony. Prendergast, Judge, dissenting. .

2.—Same—Statutes Construed—Amendments—Discretion of Court.

Article 1195, Code .Criminal Procedure, amends the Act of 1909, page 100;. which in express terms left the question, as to whether the proceeding should be dismissed, to the discretion of the trial judge, and was so held in the case of Ragsdale v. State, 61 Texas Crim. Rep., 145, and thereafter the law was amended so as to eliminate the language giving such discretion to the trial judge and making it mandatory that said judge shall dismiss such prosecution and proceed to try the juvenile as a delinquent under the provision of this article. Distinguishing McCallan v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611, and other cases. Prendergast, Judge, dissenting.

3.—Same—Legislative Construction—Judicial Precedent.

The Legislature was cognizant of the opinion of this court in Ragsdale v. State, supra, at the time the amended statute was written, and if it had been the desire of the Legislature to leave the discretion in the district judge as. provided in the Act of 1909, the change in the language was unnecessary, and therefore the statute is now mandatory.

4.—Same—Words and Phrases—Statutes Construed.

The word "shall" is not always given a mandatory effect in construing a statute, however, the presumption is that it is in the imperative and not a directory sense.

5.—Same—Legislative Intent—Rule Stated—Presumption.

The presumption is that the Legislature in adopting the amendment intended to change the law, and the phraseology · of the amended Act being· materially different from that of the original Act, raises the presumption of an intent to change the meaning. Following Railway v. Telepohne Company, 93 Texas, 313, and other cases.

6.—Same—Legislative Intent—Juvenile Delinquent.

The intent to vest in the trial judge the discretion to determine which individual shall be prosecuted for a felony and which treated as a delinquent. juvenile, is not to be inferred, and would commit to the trial judge the arbitrary discretion to determine the grade of offense without judicial investigation. Following Snodgrass v. State, 67 Texas Crim. Rep., 615, 150 S. W. Rep., 162,. and other cases. Prendergast, Judge, dissenting.

7.—Same—Rule Stated—Juvenile Defendant.

The legislative right to take cognizance of the youth of offenders in the passage of criminal laws and to make provisions modifying or exempting them. from punishment is universally conceded. Following Carr v. State, 24 Texas Crim. App., 562, and other cases.

8.—Same—Statutes Construed—Legislative Intent.

The intention of the Legislature· to make the provision of article 1195, C. C. P., mandatory is emphasized by reference to another Act of the same session providin' for indeterminate sentences. Prendergast, Judge, dissenting.

9.—Same—Rehearing—Statutes Construed—Misdemeanor—Felony.

.The construction of article 1195, C. C. P., was not involved in the case· of McCallen v. State, 174 S. W. Rep., 316, for the reason that the accused was charged with a misdemeanor, and this article only touches the right of a juvenile charged with a felony. Prendergast, Judge, dissenting.

10.—Same—Statutes Construed—Rehearing.

The contention that article 2200 of the Revised Civil Statutes controls the· disposition of the defendant, whose rights accrued under the Act of 1913, which. is now article 1195, C. C. P., can not be sustained.

**11.—Same—Statutes Construed—No Conflict—Juvenile Offenders.**

Article 5229, Revised Civil Statutes, as amended by the Thirty-third Legislature, is not in conflict with article 1195, C. C. P., and the legislative policy therein disclosed is to prohibit the sending of boys under seventeen years of age to the State penitentiary and to provide a method whereby they may by reason of their youth avoid the consequences of conviction for felony. Arrendell v. State, 60 Texas Crim. Rep., 350.

**12.—Same—Public Policy—Practice on Appeal—Rule Stated.**

The argument made that the policy of the law is unsound is not available to control the construction of the statute, contrary to the expressed intent of the Legislature.

Appeal from the District Court of Williamson. Tried below before the Hon. James R. Hamilton.

Appeal from a conviction of murder; penalty, forty years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee* for appellant.—Cited cases in the opinion.

*E. B. Hendricks,* Assistant Attorney General, *W. G. Love,* and *Wilcox, Graves & Metcalfe,* for the State.—Citing McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611; Townser v. State, 79 Texas Crim. Rep., 4, 182 S. W. Rep., 1104; Davis v. State, 79 Texas Crim. Rep., 321, 188 S. W. Rep., 990; Ex parte Bartee, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1051.

MORROW, Judge.—Appellant was convicted of murder. He was a boy under seventeen years of age at the time of the commission of the offense and at the time of the trial. This fact was brought to the attention of the court by a sworn statement in accord with article 1195, Code of Criminal Procedure, and the fact duly established by evidence, and found to exist by the court as shown by the bill of exceptions. Appellant sought, in consequence thereof, to have the felony indictment dismissed. The action of the court in refusing to dismiss the felony charge is made the basis of complaint and properly brought before this court for review.

Article 1195, supra, is as follows: "Male persons under the age of seventeen accused of felony to be prosecuted as juvenile delinquents; committed to State Industrial School for Boys upon indeterminate sentence; time of detention; proof of age; proviso.—When an indictment is returned by the grand jury of any county charging any male juvenile under the age of seventeen years with a felony, the parent, guardian, attorney or next friend of said juvenile or said juvenile himself, may file a sworn statement in court, setting forth the age of such juvenile, at any time before announcement of ready for trial is made in the case. *When such statement is filed the judge of said court shall hear evidence on the question of the age of the defendant; and, if he be satisfied from*

*the evidence that said juvenile is less than seventeen years of age, said judge shall dismiss such prosecution and proceed to try the juvenile as a delinquent, under the provisions of this Act.* If said juvenile be found to be delinquent, and sentence be not suspended, as provided in the laws of this State in cases of felony on first offense the defendant shall be committed to the State Industrial School for Boys upon an indeterminate sentence; provided, that such defendant shall not be detained in said school after he has reached the age of twenty-one years. Such defendant shall be conveyed to the said school by the probation officer, sheriff or any peace officer designated by the court; provided, that such conviction and detention in said school shall not deprive defendant of any of his rights of citizenship when he shall become of legal age; and provided further, that the age of the defendant shall not be admitted by the attorney representing the State, but shall be proved to the satisfaction of the court by full and sufficient evidence that the defendant is less than seventeen years of age, before the judgment of commitment to said institution shall be entered. The officer conveying any defendant to said school shall be paid by the county in which conviction is rendered the actual traveling expenses of said officer and defendant; provided further, that nothing in this Act shall be held to affect, modify or vitiate any judgment heretofore entered confining any defendant to the State Institution for the Training of Juveniles; but the unexpired portion of any such judgment shall be fulfilled by the confinement of any such defendant in the State Industrial School for Boys."

It is contended that the provisions of this statute are mandatory and that when it is made to appear in the manner required by the statute that appellant, who was charged with a felony, was a boy under seventeen years of age, and the fact was established by evidence, that the court was without discretion to refuse to dismiss the prosecution. The point has not heretofore been directly brought before this court for review. There is a statement in one of the opinions, Townser v. State, 79 Texas Crim. Rep., 4, 182 S. W. Rep., 1104, in which views are expressed indicating that the provisions of the statute were not mandatory. The question, however, was not involved in the facts of that case as the appellant was a female, whose rights were not defined by the statute mentioned which applies only to males under seventeen years of age. Neither was it involved in McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611, for the reason that the appellant was charged with a misdemeanor and the statute in question deals with the charge of felony. We have not been furnished with a brief defining the State's views. We assume, however, that the learned trial judge was guided by the expressions of opinion that the statute was not mandatory, contained in the McCallen's case, supra, and Townser's case, supra. The article of the statute is amendatory of a similar provision in the Act of 1909, page 100, which Act in express terms left the question as to whether the proceeding should be dismissed to the discretion of the trial judge. It authorized him to dismiss it, "or the judge of the

District Court may in his discretion proceed to try the case as provided by law." This provision touching discretion was held effective by this court in Ragsdale v. State, 61 Texas Crim. Rep., 145, decided February 15, 1911. At a subsequent session of the Legislature the provision thus passed upon by the court in Ragsdale's case was amended so as to eliminate the language in express terms giving the district judge discretion with reference to the dismissal of the prosecution, and substituting therefor the words, "When such statement is filed the judge of said court shall hear evidence on the question of the age of the defendant; and, if he be satisfied from the evidence that said juvenile is less than seventeen years of age said judge shall dismiss such prosecution and proceed to try the juvenile as a delinquent, under the provisions of this Act." (Act 1913, p. 214, chap. 112.) The Legislature was cognizant of the opinion of this court in the Ragsdale case, supra, at the time the amended statute was written. If it had been the desire of the Legislature to leave the discretion in the district judge, provided in the Act of 1909, the change in the language was unnecessary. To hold that by changing the provision expressly giving discretion to one in terms mandatory the Legislature intended that the mandatory words should be given the same interpretation as the discretionary words, would, we think, be contrary to established rules touching the interpretation of statutes. 36 Cyc., 1165. The word "shall" is not always given a mandatory effect in construing a statute. A statute, notwithstanding the use of the word "shall," is sometimes held directory. (Words & Phrases, 2nd series, p. 557.) When the word "shall" is used, however, the presumption is that it is in the imperative and not a directory sense. Haythorn v. Van Kauren, 74 Atl. Rep., 502; Holmes v. Royal Loan Assn., 107 S. W. Rep., 1005; Whitsett v. Wamack, 69 S. W. Rep., 24.

The presumption is that the Legislature in adopting the amendment intended to change the law, and the phraseology of the amended Act being materially different from that of the original Act, raises the presumption of an intent to change the meaning. Railway Co. v. Telephone Co., 93 Texas, 313; Jessee v. DeShon, 150 S. W. Rep., 1011; Eversole v. Eversole, 185 S. W. Rep., 487; 36 Cyc., 1165. The classification of persons amenable to punishment for crime, within constitutional limitations, is a legitimate exercise of legislative authority. Wharton on Crim. Law, secs. 364-370; Rushing Case Law, vol. 8, p. 64, but crimes and the punishment therefor must be defined by the law-making power, and operate in a uniform manner upon the individuals of the class embraced in the law. The intent to vest in the trial judge the discretion to determine which individual shall be prosecuted for a felony and which treated as a delinquent juvenile, is not to be inferred. The power is doubtful because it would commit to the trial judge the arbitrary discretion to determine the grade of the offense, without judicial investigation of the facts, or facility for review. Penal Code, arts. 1-3;

King v. State, 3 L. R. A., p. 10; Ex parte United States, 242 U. S., 47; Snodgrass v. State, 150 S. W. Rep., 162, 67 Texas Crim. Rep., 615; Marshall v. State, 72 Texas Crim. Rep., 83. The legislative right to take cognizance of the youth of offenders in the passage of criminal laws and to make provisions modifying or exempting them from punishment is universally conceded. 14 Ruling Case Law, 264, and cases cited; Carr v. State, 24 Texas Crim. App., 562; State v. Yeargan, 36 L. R. A., 196, and notes. Numerous examples of the exercise of such authority are found in our own statutes, notably, article 34 of the Penal Code, declaring that no person under nine years of age shall be punished for crime except for perjury, and none between nine and thirteen except upon proof of understanding of the nature and illegality of the offense. Vernon's C. C. P., p. 15. Article 35 of the same Code exempts persons under seventeen years from punishment with death. The Act of the Thirty-third Legislature under consideration, article 1195, supra, given the mandatory construction discussed, is but another example of the exercise of the same power, and so construed it gives the youth under seventeen years of age charged with a felony the privilege of exemption therefrom, makes it obligatory upon the court to recognize the exemption by the dismissal of the prosecution for felony, and gives the State the right to proceed against him as a delinquent. The intent of the Legislature to make the provision mandatory is emphasized by reference to another Act of the same session provided for indeterminate sentences, in that it extended the merciful provision of the indeterminate sentence only to those felons above the age of seventeen years, clearly indicating the legislative view that there should be no felons under that age. Art. 868a, C. C. P.

The trial court in denying appellant's motion to dismiss committed error which requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*

### ON REHEARING.

December 21, 1917.

MORROW, JUDGE.—The State in its motion for rehearing refers us to McCallan's case, 174 S. W. Rep., 1051, wherein certain statutory provisions touching the juvenile laws of the State were commented upon. The construction of the article of the statute construed in this case, article 1195, C. C. P., was not involved in the McCallan case for the reason that in that case the question before the court was the right of a juvenile charged with a misdemeanor, while article 1195, supra, touches only the right of a juvenile charged with a felony.

The contention is made that the Act of 1907, sec. 9, which is article 2200 of the Revised Civil Statutes, is in force and unrepealed and the provisions therein contained providing that a transfer of a case of a juvenile charged with a felony to the Juvenile Court is within the discretion of the trial judge, control the disposition of the appellant whose

rights accrued under the Act of 1913, chapter 112, section 1, can not be sustained. The Act of 1913 amended a provision of the Code of Criminal Procedure passed in 1909 which, with reference to the discretion of the judge in juvenile cases, was in substance the same as the provision of article 2200, supra, and in writing the amendment repealed article 1145 containing such discretion and substituted therefor the mandatory language quoted in the original opinion. Article 1145, supra, is construed in Ragsdale, 61 Texas Crim. Rep., 149, and expressly repealed by the Act of 1913, chapter 112, by completely rewriting article 1145 and substituting therefor article 1195 as quoted in the original opinion.

Article 5229 of the Revised Civil Statutes as amended by the Thirty-third Legislature is not in conflict with article 1195, supra, as construed in the original opinion. That Act, article 5229, in substance provides that a boy under seventeen years of age convicted of a felony shall be sent to the training school for boys instead of to the penitentiary. A boy under seventeen years of age charged with a felony, may, if he so elect, rely upon his plea of not guilty and stand his trial on the charge of felony, taking the chances of conviction or acquittal; or he may, if he so elect, file his plea setting up the fact that he is under seventeen years of age, which, when established by proof, will require the court to dismiss the felony charge. If he elect to be tried for a felony and not as a juvenile, article 5229 as amended provides his place of confinement upon conviction.

The legislative policy disclosed in article 1195, as well as in article 5229, supra, is to prohibit the sending of boys under seventeen years of age to the State penitentiary and to provide a method whereby they may by reason of their youth avoid the consequences of conviction for a felony. This is illustrated in Arrendell v. State, 60 Texas Crim. Rep., 350, wherein it is held that the exemption from prosecution for a felony by reason of youth refers to the time of the trial and when the boy is over thirteen years old—not to the time the offense is committed.

The argument made that the policy of the law is unsound is not available to control the construction of the statute contrary to the expressed intent of the Legislature. From the suggestion that there is much in the juvenile laws that might be improved by amendment, we do not dissent. Until so amended we can only apply to them, as best we may, the settled rules of construction.

Following these rules we are constrained to overrule the State's motion for rehearing.

*Overruled.*

PRENDERGAST, JUDGE (dissenting).—The uncontradicted and unimpeached testimony in this case reveals one of the most atrocious and cruel murders that is recorded in criminal records. The majority opinion fails to state the facts. I think it is important and necessary

that this be done, and I will here succinctly state them. They were established by the uncontradicted testimony of disinterested witnesses and by the written confession of appellant himself.

The deceased, R. F. (Frank) McLaren, lived in the country several miles from Taylor. Appellant, his son, J. C. McLaren, lived with him. In the early part of the night of November 27, 1916, deceased went from his home to Taylor in his automobile to an Odd Fellows lodge meeting. In going he went by and picked up and took with him four of his neighbors. They left Taylor a little after 11 o'clock that night returning home. He first took his neighbors to their homes, and after dropping the last one, started to his home alone.

Appellant was born October 10, 1900, and was, therefore, on said night sixteen years, one month and seventeen days old—in his seventeenth year. He had been intending and planning for some time to murder his father, deceased. He knew his father had that night gone to said lodge meeting and that he would return home on a certain route. He induced Harry McBryde, a young man twenty-two years old, to go with him and assist him kill his father. They took with them, or McBryde did, a gun barrel with which to kill him. They lay in wait for him near the road on which they knew he would return. About or near midnight deceased reached the point where they lay in wait and discovered them. He stopped and invited them in his automobile to ride with him. They got in the automobile on the back seat. He started up and after going for a while McBryde from behind struck him a blow on the head which crushed his skull and stunned him if it did not kill him. McBryde continued to strike him repeated blows, crushing his skull most horribly. Of course when the first blow was struck deceased lost control of his machine and it left the road. Appellant himself got over on the front seat, took control of the steering wheel and ran the machine back into the road. The blood from his father ran and was running out on the front seat taken by appellant. Indeed, his pants and his clothes were saturated therewith. Appellant then ran the machine with his murdered father by his side to a bridge and he and McBryde ran the machine off of the bridge with his father in it, turning it upside down. They then set fire to the machine and his father, as he says, in order to make it appear that his father accidentally ran off the bridge and his machine caught fire. They then took the gun barrel and hid it. They washed the blood off their hands and appellant went to a certain barn, removed all of his bloody clothing and hid them. Later he went back, got the gun barrel from where they had hid it that night, took it elsewhere and threw it in a water hole, where it sunk in the mud. It was afterwards found and identified where appellant said he had thrown it.

The machine was practically burned up, and in the burning the body of deceased was largely consumed by the fire. An hour or two after they killed deceased several persons going from Taylor on said road

found at said bridge the said burned car and burned body of deceased. They gave the alarm and later the neighbors and officers reached the body. Appellant and McBryde so far deceived them, by running the car off the bridge and burning it and deceased's body, that they thought deceased had accidentally run off the bridge, his car caught fire and was consumed, consuming his body. They did not at the time, it seems, suspect deceased had been murdered. No especial examination was made of his skull at that time. He was buried without ascertaining that his head had been crushed. Later developments aroused suspicion, his body was disinterred, his skull examined by physicians and it was then seen and learned that his skull had been crushed—beaten into a pulp and that said gun barrel was the instrument used in doing this by appellant and McBryde.

The case was called for trial January 25, 1917. Just prior thereto appellant filed his affidavit to the effect that he was a juvenile under the age of seventeen years. The affidavit was in accordance with our juvenile statute. The court on that date heard evidence of his age and found it a fact that his age was as stated above. In his motion and affidavit he moved that the cause against him be transferred to the Juvenile Court and that he be tried as a juvenile and not tried for the felony offense of the murder of his father. The court held that under the juvenile statute and the decisions of this court thereunder he had the discretion not to transfer the case to the juvenile docket and try him as a juvenile but to proceed to trial as any other like cases of felony in his court, and thereupon he duly so ordered and had such order entered property in the minutes of the court as follows:

"It is therefore ordered, adjudged and decreed by the court, that said motion be, and the same is hereby overruled, and the court in the exercise of its discretion and after hearing and considering the testimony as to the age of the defendant, and as to the character of the defendant, and the circumstances under which the crime charged against him was committed, here now orders and directs that the best interests of said defendant and of society require that this cause be tried and disposed of by this court in accordance with the law governing the trial of causes in this court, and that this cause be set for trial and disposed of in due order as are other felony cases of its grade."

On February 24, 1915, in McCallan v. State, 76 Texas Crim. Rep., 353, this court, after the most careful investigation and consideration, expressly held that the Act of 1913, page 214, amending article 1195, Code of Criminal Procedure, of the juvenile statute was not mandatory requiring the district judge to peremptorily dismiss a felony charge against a male under seventeen years of age and try him as a juvenile, but that notwithstanding said amended article stated, "said judge *shall* dismiss, etc.," the Legislature intended to still leave it discretionary to the judge whether or not he should dismiss such prosecution. The Legislature was then in session at its regular term. The next Legis-

lature convened in regular session in January, 1917. There were also special sessions of the Legislature after the regular session beginning in January, 1913, and there were. other special sessions of the Legislature after the regular session in 1917. The executive and the Legislature acquiesced in the said construction of said statute by this court, and the Legislature in no way amended said article of the juvenile statute nor did the executive recommend it, to show that this court's construction of said article was other than as intended by the Legislature as held by this court. Again this court in Townser v. State, 79 Texas Crim. Rep., 4, 182 S. W. Rep., 1105, *in .a felony case* expressly adhered to its holding in the McCallan case and cited that case on the point. This decision was rendered February 2, 1916. Neither the executive recommended nor the Legislature thereafter amended said article to show that this court's construction of the Act of 1913 was wrong, but acquiesced, by not enacting otherwise, in said construction given' by this court. Again in Davis v. State, 79 Texas Crim. Rep., 321, 188 S. W. Rep., 990, *in a felony case,* this court expressly adhered to the decision in the McCallan case and cited it with approval. This decision was rendered October 18, 1916, and notwithstanding these several decisions of this court construing said Act of 1913, the Legislature in 1917 still did not change the said Act or amend it so as to show that the construction of this court was wrong, but by not doing so again impliedly acquiesced in the construction of said article by this court. It looks like, therefore, that the question should be regarded as settled and the law upheld and not now construed so as to permit appellant herein to escape the just punishment of, as stated, his most atrocious and cruel murder of his father. The Legislature never intended that such crimes should escape punishment. On the contrary, the Legislature intended to still leave the discretion with the district judge, as was held in the McCallan, Townser and Davis cases. The undisputed facts in this case reveal such another atrocious and cruel crime which the Legislature intended should not escape punishment as was given in illustration in the said McCallan case.

While it adds to the length of this opinion, still I think it of sufficient importance to here copy what was held by this court in said McCallan, Townser and Davis cases. In the McCallan case it was held: "Prior to 1889 all persons convicted of crime, even under the age of sixteen years, were liable to the same punishment as those above said age. If of felony, they had to be confined in the penitentiary; if of a misdemeanor, they were compelled to pay a fine and suffer a jail imprisonment, as might be imposed under the law. But the Act of April 2, 1889, page 95, section 12, as amended in 1895, page 94, and incorporated in our Code of Criminal Procedure of 1895 as articles 1145-1146, it was for the first time required that when a male person under sixteen years of age was convicted of a felony and his punishment assessed at imprisonment of five years or less that he should not be confined in the

penitentiary, but in the reformatory established and located at Gatesville, Texas. That Act made no provision about a misdemeanor conviction.

"The first Act about juveniles was enacted by the Legislature April 5, 1907, page 137, in ten sections, defining and prescribing the procedure for the trial of a 'delinquent child.' Said articles 1145-1146 of the Code of Criminal Procedure were amended by the Act of March 17, 1909, page 100. The very next Act of the same Legislature amended section 9 of the 1907 delinquent child Act. And the next Act, page 103, changed the name of the Gatesville institution and prescribed regulations therefor.

"The revisers of 1910-1911 bodily copied the said Act of 1907 in the Code of Criminal Procedure as articles 1197 to 1206, inclusive, and copied said articles 1145-1146, as amended in 1909, in the same chapter, as articles 1195-1196. At the same time they also embodied in the Revised Civil Statutes said Act of 1907 as articles 2191 to 2201, inclusive, and the Legislature adopted both as thus contained. There is no difference between these several provisions in the Revised Statutes and those copied in the procedure above noted. The Legislature in 1909, page 103, amended the Revised Statutes, regulating the control of said Gatesville institution and changed the name of it. This Act was embraced in the Revised Civil Statutes of 1911 under articles 5221 to 5234, inclusive.

"Again, on April 2, 1913, page 214, the Legislature amended said articles 1195 to 1207 of the Code of Criminal Procedure, in lieu of those articles as they appeared in the code entirely, making changes therein except article 1205, which was expressly repealed. And on August 16, 1913, at the special session of the same Legislature the said article of the Revised Statutes, 5221 to 5234, were amended and re-enacted with changes, and article 5234a was added thereto. Evidently it was the intention of the Legislature that all these laws were to be construed together as one whole. The said sections 9 and 10 of the Act of 1907 embodied as articles 2199-2200 of the Revised Civil Statutes, have neither been amended expressly nor repealed expressly. Taking the various enactments, we conclude that it was the intention of the Legislature not to repeal said articles 2199-2200. It is a universal rule that repeals by implication are not favored.

"Said article 1195, Code of Criminal Procedure, as enacted in 1909, page 100, and embraced in the Revised Code of Criminal Procedure of 1911, provided that when a male juvenile under sixteen years of age was indicted for a felony, he, or anyone for him, might file a sworn statement setting forth that he was under the age of sixteen. Thereupon, the judge was required to hear the evidence and if satisfied that the defendant was less than sixteen years of age, 'said judge shall have authority to order such prosecution dismissed,' etc. This article, as amended by the Act of April 2, 1913, page 214, was changed so that

if the male was under seventeen years of age he, or anyone for him, could file such sworn statement and the judge should hear evidence, and if satisfied that he was under seventeen years of age, 'said judge shall dismiss such prosecution and proceed to try the juvenile as a delinquent,' etc. The language in this latter article would ordinarily be construed as mandatory or imperative; but, as stated, the Legislature left in full force said article 2200, Revised Statutes, which expressly provides that whenever it shall appear to the District Court that any person prosecuted in such court for a felony is under sixteen years of age 'such court shall have authority to order such prosecution dismissed and to order such child to be committed to the Juvenile Court of the county . . . for such action and disposition as said juvenile court may think proper in the premises.' Again, by an Act of the same Legislature at its special session August 16, 1913, by the amendment of article 5220 of the Revised Civil Statutes, it was expressly enacted: 'Hereafter all male persons under the age of seventeen years who shall be convicted of a felony or other delinquency in any court within this State, unless his sentence be suspended as provided by law, or otherwise disposed of, or unless by reason of the length of the term for which he is sentenced is required, under the law to be confined in the State penitentiary, shall be confined in the Texas Training School for Boys' (the said Gatesville institution). And said article 1195, as amended April 2, 1913, clearly contemplates that a mere juvenile under seventeen years of age may be legally indicted by the grand jury for any felony he may have committed. And it further contemplates clearly that if · found guilty of a felony, his punishment may be assessed at more than five years, when the offense carries a greater punishment, for it provides that if he be found to be a delinquent and sentence be not suspended as provided by the laws of this State in cases of felony on first offense, then and only then, shall be committed to said Gatesville institution, clearly contemplating that if his penalty is fixed at greater than five years he shall be incarcerated in the penitentiary. Taking the whole legislation, we can not believe that the Legislature intended that a male person under seventeen years of age shall not under any circum-  · stances be punished as a felon. Illustrations could be made which, it seems to us, would preclude such an idea. For instance, suppose that · a male not quite seventeen years of age, and a female not quite eighteen years of age, should, together, with firearms, rob some girl under fifteen ·years of age. Then by force take her into some secluded place, and the woman just under eighteen years of age should hold the little child while the male just under seventeen years old should ravish her by force, and then, fearing the little girl had recognized them, and that they would be prosecuted for robbery and rape, they should then murder her. Thus committing three of the most horrible crimes known to our law or to civilization; and that this might be the case is no unreasonable supposition, for in ,Campbell v. State, 63 Texas Crim. Rep.,

595, 141 S. W. Rep., 232, and the companion case of Hutcherson v. State, 62 Texas Crim. Rep., 1, 136 S. W. Rep., 53, it was shown that Hutcherson, a man, was assisted by Mrs. Campbell, who was then only a young woman about sixteen years of age, committed rape upon a young girl under fifteen years of age, and both were convicted therefor. And in Morris v. State, 39 Texas Crim. Rep., 371, Morris, a man, first raped a little six-year-old blind girl and then murdered her because she threatened to tell her mother on him, and he was convicted for the murder with the death penalty assessed."

In the Townser case this court said: "We have had under careful consideration the said juvenile and delinquent child Acts of the Legislature in the recent cases of McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 611, and Bartee v. State, 76 Texas Crim. Rep., 285, 174 S. W. Rep., 1051, and we therein fully discussed the said laws and the effect thereof. We there held that, even in a prosecution of a male under seventeen years of age for a felony, the said laws did not make it compulsory for the district judge to dismiss such felony charge and have the party proceeded against under the juvenile Act, but that the court had the power and authority in such case of felony to proceed to the trial regularly as if the party was an adult male. . . . We have no doubt that we reached the correct conclusion in those cases."

In the Davis case this court held that the district judge must have held that appellant therein "was of that character of person who should not have his case sent to the juvenile or delinquent court for trial, but should be treated as a felon. That he had a right to so adjudge and hold was decided by this court in the case of McCallen v. State, 76 Texas Crim. Rep., 353, 174 S. W. Rep., 612. Judge Prendergast in that opinion reviews at length all the Acts of the Legislature in regard to delinquent children, and held when that question was presented to a trial judge he would have the authority to hear evidence, and, after doing so, to determine whether or not the interest of the person charged and society required that his case be sent to the delinquent court for trial, or that he be tried as a felon. The opinion in the case is decisive of the question here presented, and we do not deem it necessary to again review the provisions of the statute."

The action of the district judge in refusing to transfer this case to the Juvenile Court and trying appellant as a felon for the murder of his father was correct and this judgment should be affirmed, not reversed.

Moreover, before the decision of this case was rendered on November 7, 1917, appellant reached the age of seventeen years on October 10 prior thereto. Therefore this case should not be reversed on that account, for on the next trial he must be tried as a felon and nott as a juvenile, as expressly held by this court in Arrendell v. State, 60 Texas Crim. Rep., 350, and to now reverse the case because appellant was not tried as a juvenile can not possibly avail him on another trial.

I respectfully but earnestly dissent from the reversal of this case.