

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 2, 1960

Honorable Cecil M. Pruett
County Attorney
Hutchinson County
Borger, Texas

Opinion No. WW-831

Re: Whether refusal by an
election Judge to de-
liver a ballot in the
Democratic primary to
a person who refuses to
allow the Judge to stamp
"Democrat" on his poll
tax receipt, as provided
in Art. 13.01a of the
Election Code, consti-
tutes a violation of Art.
217 of the Penal Code.

Dear Mr. Pruett:

Your opinion request involves an interpreation of Sub-
section (4)(1) of Article 13.01a of Vernon's Texas Election Code
(the "Party Affiliation Law" enacted by the Texas Legislature in
1959), which reads as follows:

"Each voter shall present his poll tax receipt
or exemption certificate, or an affidavit of its loss,
to the election Judge on the first time such voter
participates in a primary election and the election
Judge shall stamp within the party affiliation space
on the face of said poll tax receipt, exemption, or
affidavit of loss, the words 'Democrat' or 'Republican'
or other party primary vote connotation as the case may
be and such stamped poll tax receipt, exemption, or af-
fidavit of loss shall be the designation of a qualified
member of that party; such qualified member of such party,
having once voted within a party primary shall remain a
qualified member of that party for the duration of the
poll tax period."

You have informed us that various persons in your county
have stated that they were going to vote in the Democratic primary
but would refuse to have their poll tax receipt stamped "Democrat".
In anticipation of this occurrence, you have asked the following
question:

Does refusal of an election Judge to deliver a
ballot in the Democratic primary to a person or persons

who refuse to allow the judge to stamp their poll tax receipt, exemption certificate, or affidavit of loss with the word "Democrat", as provided in Article 13.01a of the Election Code, constitute a violation of Article 217 of the Penal Code?

Article 217 of the Penal Code reads as follows:

"Art. 217. Refusing to permit voter to vote.--Any judge of any election who shall refuse to receive the vote of any qualified elector who, when his vote is objected to shows by his own oath that he is entitled to vote, or who shall refuse to deliver an official ballot to one entitled to vote under the law, or who shall wilfully refuse to receive a ballot after one entitled to vote has legally folded and returned same, shall be fined not to exceed five hundred dollars." (Emphasis supplied.)

In the light of the underscored portion of Article 217, your question may be restated as follows: Is a person entitled to vote in a Democratic primary if he refuses to allow the election judge to stamp "Democrat" on his receipt or certificate?

Before taking up this question, we should give some attention to whether Article 217 of the Penal Code applies to primary elections. Article 217 is a part of Chapter 4 of Title 6 of the Penal Code. Various other articles in this chapter refer to "an election or primary" (Art. 216), "an election, either primary, special or general" (Art. 218), "any general or primary election" (Art. 222), while others use only the term "election" without specifically mentioning a primary election. However, any doubt as to applicability of Article 217 to primary elections is removed by Article 231 of the Penal Code, also a part of Chapter 4, which provides that the term "election" as used in that chapter means "any election, either general, special, or primary, held under authority of law within this State, or within any town, city, district, county, precinct, or any other subdivision within this State for any purpose whatever."

Returning to your question, Article 13.01a of the Election Code provides that the voter shall present his poll tax receipt, exemption certificate, or affidavit of loss, and that the election judge shall stamp the party designation on the receipt, certificate or affidavit. While statutory provisions stating that an act shall be done are sometimes construed to be discretionary or directory rather than mandatory, the ordinary meaning of the word "shall" is equivalent to "must" -- it is a mandatory term, requiring compliance. McLaren v. State, 82 Tex.Crim. 449, 199 S.W. 811 (1917); Brinkley v. State, 320 S.W. 855 (Tex. Crim. 1959); Mitchell v. Hancock, 196 S.W. 694, 700 (Tex.Civ.App. 1917); Jaynes v. Lee, 306 S.W.2d 182 (Tex.Civ.App. 1957). Looking to the purpose and intent of Article 13.01a, we are of the opinion that these provisions are mandatory. The requirement for

stamping of the voter's party affiliation is not only for the purpose of furnishing him with evidence that he is qualified to participate in that party's conventions and to hold party offices, but also for the purpose of enabling other parties to determine that he is not eligible to participate in their conventions or to hold office in their party organization. These being mandatory provisions, a person who refuses to allow the primary election judge to stamp the party designation on his receipt, certificate, or affidavit is not entitled to vote in that primary, and the election judge therefore would not violate Article 217 by refusing to deliver a ballot to him. Accordingly, your question is answered in the negative.

## SUMMARY

A person offering to vote in the Democratic primary who refuses to allow the election judge to stamp "Democrat" in the party affiliation space on his poll tax receipt, exemption certificate, or affidavit of loss, is not entitled to vote in that election, and refusal of the election judge to deliver a ballot to him is not a violation of Article 217 of the Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE
W.V. Geppert, Chairman

Houghton Brownlee, Jr.
J.C. Davis, Jr.
Riley Eugene Fletcher
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore