

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

July 10, 1964

Honorable B. F. Hardgrave
County Attorney
Anderson County
Palestine, Texas

Opinion No. C-281

Re: Whether the provisions of
Article 7.01, Election
Code, relative to the
furnishing and use of
voting booths in cities
of 10,000 or more inhab-
itants, are mandatory.

Dear Sir:

The substance of your request for an opinion on the above-captioned subject is stated in the following excerpts therefrom:

"The County Commissioners Court of Anderson County, Texas, has been requested formally and in writing to furnish voting booths in connection with the elections under Article 7.01 of the Texas Election Code. * * * The population of Palestine at the last census was over 13,000. * * *"

"Question: Under Article 7.01 of the Texas Election Code, is the provision for voting booths mandatory or directory in nature?"

Article 7.01 of the Election Code reads as follows:

"Voting booths shall be furnished and used at elections at each voting precinct in towns and cities of ten thousand (10,000) inhabitants or more."

The duty of furnishing the supplies necessary for conducting elections held at the expense of the county is placed upon the county election board created by Article 7.07 of the Election Code, which reads as follows:

"The county judge, county clerk and sheriff shall constitute a board, a majority of whom may act to provide the supplies necessary to hold and conduct the election, all of which shall be delivered to the presiding judges of the election by the sheriff or any constable of the county, when not called for and obtained in person by the precinct judges. Such

-1344-

board shall file with the Commissioners Court
a written report of their action as to supplies
furnished by the county, giving a detailed
statement of the expenses incurred in procuring
such supplies."

Article 7.12 of the Election Code provides:

"All expenses incurred in furnishing the
supplies, ballots, and booths in any general or
special election shall be paid for by the county,
except costs in municipal and school elections.
All accounts for supplies furnished and services
rendered shall first be approved by the Commis-
sioners Court before they are paid by the county."

Article 7.01 of the Election Code provides that voting
booths shall be furnished and used in cities of 10,000 or more
inhabitants. While statutory provisions stating that an act
shall be done are sometimes construed to be discretionary or
directory rather than mandatory, the ordinary meaning of the
word "shall" is equivalent to "must"--it is a mandatory term,
requiring compliance. McLaren v. State, 82 Tex.Crim. 449,
199 S.W. 811 (1917); Mitchell v. Hancock, 196 S.W. 694, 700
(Tex.Civ.App. 1917); Jaynes v. Lee, 306 S.W.2d 182 (Tex.Civ.App.
1957).

Some provisions of the election laws are mandatory in
the sense that compliance therewith may be compelled by mandamus
before the time for performance, but are directory in the sense
that an election already held is not rendered void ipso facto by
failure to comply. Davis v. Blakeley, 208 S.W.2d 908 (Tex.Civ.
App. 1948) and authorities cited therein. This is the construction
which the courts have given to Article 7.01. State ex rel. Paggi
v. Fletcher, 50 S.W.2d 451 (Tex.Civ.App. 1932), held that the
failure to provide voting booths for the use of the voters did not
render the election void.

In Cause No. 15,982, styled Russell Griffth, Relator
v. Hon. Don Davis, County Judge of Collin County, et al.,
Respondents, the Dallas Court of Civil Appeals had before it an
original mandamus proceeding against the Election Board of Collin
County, seeking to compel the board to furnish voting booths at
all polling places within the City of McKinney (which has a
population of more than 10,000) at a special election for United
States Senator to be held on May 27, 1961. In an unreported
opinion rendered May 25, 1961, the Court held as follows:

"* * * [I]t is the opinion of the Court that it is the duty of the Election Board of Collin County, pursuant to Article 7.01, Election Code V.A.C.S., to furnish voting booths at all polling places in the City of McKinney, Texas.

"However, because of the shortness of time intervening between the date of Relator's application and of this order and the date of the election of May 27, 1961, the Court is not certain that it would be physically possible for the Election Board to comply with a writ of mandamus directing the Board to provide booths for the election of May 27, 1961. In view of this shortness of time, and in view further of the Board's promise to provide voting booths for all future elections after May 27, 1961 in the City of McKinney, Texas, the Court has concluded that it would be inequitable to issue the writ of mandamus for which Relator has prayed. But for these circumstances the application of Relator would be granted. However, because of the circumstances herein set forth, it is ordered, adjudged and decreed by the Court that the application of Relator be, and the same is hereby denied."

In answer to your question, we hold that it is the duty of the Election Board of Anderson County to furnish voting booths for all polling places within the City of Palestine in all elections held at the expense of Anderson County. The cost of the booths is to be borne by the county.

## SUMMARY

Under Article 7.01 of the Texas Election Code, it is the duty of the county election board created by Article 7.11 of the Election Code to furnish voting booths for all polling places within each city of 10,000 or more inhabitants which is situated within the county, for use in elections held at the expense of the county.

Yours very truly,

WAGGONER CARR
Attorney General

By Mary K. Wall

Mary K. Wall
Assistant

MKW:sj

Hon. B. F. Hardgrave, page 4 (C-281)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
George Black
Frank Booth
Larry Craddock
Robert Smith

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone