

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 8, 1966

Honorable Don Hall
District Attorney
McLennan County
Waco, Texas

Opinion No. C-785

Re: Compensation to court
reporters for appeal
involving indigent de-
fendants.

Dear Mr. Hall:

You recently requested an opinion from this office on the following questions:

"(1)  Is Article 40.09, Section 5 of the Texas
Code of Criminal Procedure mandatory?

"(2)  If so, is the reasonability of the amount
of the bill discretionary with the Commissioners
Court, or must the Commissioners Court abide
by the Certification of the trial Judge,
regarding the reasonability of the charge, if
said trial Judge so certifies?

"(3)  Is the payment of these charges a County or
State responsibility individually, or a joint
responsibility? "

Paragraph 5 of Article 40.09, Vernon's Code of Criminal Procedure, states, in part, as follows:

". . . The court will order the reporter to
make such transcription without charge to defendant
if the court finds, after hearing in response to
affidavit by defendant that he is unable to pay or
give security therefor. Upon certificate of the
court that this service has been rendered, payment
therefor shall be made from the general funds by
the county in which the offense is alleged to have
been committed. . . . " (Emphasis Added).

In answer to your first and third questions, Article 40.09, paragraph 5, Vernon's Code of Criminal Procedure, is specific and the legislative intent is clear.  Ordinarily, when the word "shall" is used, the presumption is that it is in the imperative, and not in the directory sense.  McLaren v. State, 199 S.W. 811 (Tex. Crim. 1917).

Therefore, it is the opinion of this office that the language of Article 40.09 directing that "payment shall be made from the general funds by the county in which the offense is alleged to have been committed," is mandatory and not directory; and that upon certification of the trial judge that this service has been rendered and that the amount of the bill submitted by the court reporter is reasonable the Commissioners Court must make payment to the court reporter from the general funds of the county.  Article 40.09, paragraph 5, clearly states that the responsibility of paying the fee lies with the county and not the State.

In answer to your second question, Article 40.09, paragraph 5, does not outline what the court reporters shall be paid or what is a reasonable amount for the preparing of the statement of facts and transcripts.  However, this office ruled in Attorney General's Opinion No. C-683 (1966) that a reasonable amount should be paid and that the trial court may certify whether the amount requested by the court reporter is reasonable.  Opinion No. C-683 also sets forth the guidelines that may be used by the trial court and states that the reasonableness of the amount requested by the court reporter is within the discretion of the trial court.  It is our opinion that the Commissioners Court must abide by that determination.

## SUMMARY

Under the provisions of Article 40.09, paragraph 5 of Vernon's Code of Criminal Procedure, upon certification from the trial court that the court reporter's fee is reasonable the Commissioners Court must make payment from the general funds of the county in which the offense is alleged to have been committed.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

DOUGLAS H. CHILTON
Assistant Attorney General

DHC/lk

Honorable Don Hall, page 3,  (C-785 )

APPROVED:

OPINION COMMITTEE
W. O. Shultz, Chairman
Robert Owen
Robert Norris
Lonny Zwiener
Gilbert Pena

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright